THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

 
 
 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals
South Carolina
 Department of Social Services, Respondent,
v.
K.A-C. and D.C., Defendants,
Of whom D.C. is
 the Appellant.
In the interest of two minor children under the age of 18.
 
 
 

Appeal From Spartanburg County
James F. Fraley, Jr., Family Court Judge

Unpublished Opinion No.  2011-UP-433
Submitted October 1, 2011  Filed October
 10, 2011 

AFFIRMED

 
 
 
Kenneth P. Shabel, of Spartanburg, for Appellant.
Scarlet B. Moore, of Greenville, for Respondent.
Robert M. Holland, of Spartanburg, for Defendant K.A-C.
M. Todd Thigpen, of Spartanburg, for Guardian ad Litem.
 
 
 

PER CURIAM: D.C.
 (Father) appeals from the family court order, which found Father sexually
 abused his oldest child (Child) and placed legal and physical custody of Child
 and her sister with K.A-C. (Mother).  On appeal, Father contends the family
 court erred in (1) allowing the admission of Child's out-of-court statements
 pursuant to section 19-1-180 of the South Carolina Code (Supp. 2010) and (2)
 finding Father committed sexual abuse against Child.  We affirm.[1]   
On
 appeal from the family court, this court reviews factual and legal issues de
 novo.  Simmons v. Simmons, 392 S.C. 412, 414, 709 S.E.2d 666, 667
 (2011); see Lewis v. Lewis, 392 S.C. 381, 386, 709 S.E.2d 650,
 652 (2011).  Although this court reviews the family court's findings de
 novo, we are not required to ignore the fact that the trial court, who saw and
 heard the witnesses, was in a better position to evaluate their credibility and
 assign comparative weight to their testimony.  Lewis, 392 S.C. at
 385, 709 S.E.2d at 652.  The burden is upon the appellant to convince this
 court that the family court erred in its findings.  Id.
1.  As
 to whether the family court erred in admitting the out-of-court statements of
 Child pursuant to section 19-1-180, we affirm.  Section 19-1-180 provides for the admission of out-of-court statements
 by certain children.  Specifically, the statute provides: 

(A) An out-of-court statement made by a child who is under twelve
 years of age or who functions cognitively, adaptively, or developmentally under
 the age of twelve at the time of a family court proceeding brought pursuant to
 Title 63 concerning an act of alleged abuse or neglect as defined by [s]ection 63-7-20 is
 admissible in the family court proceeding if the requirements of this section
 are met regardless of whether the statement would be otherwise inadmissible.
(B) An out-of-court statement may be admitted as provided in
 subsection (A) if:
(1) the child testifies at the proceeding . . . ; or 
(2)(a) the child is found by the court to be unavailable to
 testify on any of these grounds: 
. . .
(iv) the child's incompetency, including the child's inability to
 communicate about the offense because of fear; 
(v) substantial likelihood that the child would suffer severe
 emotional trauma from testifying at the proceeding or by means of videotaped
 deposition or closed-circuit television; and 
(b) the child's out-of-court statement is shown to possess
 particularized guarantees of trustworthiness. 

S.C. Code Ann. §§
 19-1-180(A)-(B).  We hold the court properly found Child was unavailable to
 testify pursuant to section 19-1-180(B)(2)(a)(v) because there existed a
 "substantial likelihood that [Child] would suffer severe emotional trauma
 from testifying at the proceeding or by means of videotaped deposition or
 closed-circuit television."  Specifically, Child's counselor testified
 Child would not be able to testify "in this type of proceeding" because
 Child suffered a significant level of trauma related to Father and had not seen
 Father in nearly a year, which would likely prevent her from being able to have
 a conversation regarding the allegations of the case.  The counselor also
 testified there would be a substantial likelihood Child would suffer severe emotional
 trauma from testifying at the proceeding because of both her history and her
 original symptoms of trauma displayed in early counseling sessions.  Additionally,
 the counselor testified Child could not likely endure a deposition or
 closed-circuit television testimony where she would be subjected to
 cross-examination "because of her developmental stage and because of the
 trauma that she's already experienced."  She stated Child does not have
 the "ego strength or the ability to be able to go through this
 process."  Accordingly, the family court did not err in admitting Child's
 out-of-court statements upon finding child was unavailable to testify pursuant
 to section 19-1-180.
2.  As to whether the family court erred in finding Father
 committed sexual abuse against Child, we affirm.  
Section
 63-7-20(4) of the South Carolina Code (2010) defines "'Child abuse or
 neglect' or 'harm'" as occurring when:

[T]he
 parent, guardian, or other person responsible for the child's welfare: . . .
 (b) commits or allows to be committed against the child a sexual offense as
 defined by the laws of this State or engages in acts or omissions that present
 a substantial risk that a sexual offense as defined in the laws of this State
 would be committed against the child.

 First-degree
 criminal sexual conduct (CSC) with a minor occurs when an individual
 "engages in sexual battery with a victim who is less than eleven years of
 age."  S.C. Code Ann. § 16-3-655 (Supp. 2010).  "'Sexual battery' means
 sexual intercourse, cunnilingus, fellatio, anal intercourse, or any intrusion,
 however slight, of any part of a person's body or of any object into the
 genital or anal openings of another person's body, except when such intrusion
 is accomplished for medically recognized treatment or diagnostic
 purposes."  S.C. Code Ann. § 16-3-651(h) (2003).  
 Testimony supported
 the family court's finding Father committed first-degree CSC with a minor.  Specifically,
 Child's Guardian ad Litem, testified Child told her and Child's counselor that
 Father touched Child inappropriately and hurt her by inserting his finger in
 her bottom.  Child's counselor also testified Child frequently drew pictures of
 faces with mouths scratched out and colored in, stating "that was when I
 was screaming when my daddy hurt my bottom."  Lastly, Child's social
 worker testified Child made disclosures of sexual abuse against Father by
 stating "[Child] talked about things happening to her bottom, which again
 was her buttocks area, and something being inserted inside that."  Accordingly,
 we affirm the family court's finding Father sexually abused Child.  
AFFIRMED. 
 SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.