THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Social Services, Respondent,
 
 
 

v.

 
 
 
 Sierra R. and
 Ronald R., Defendants,
 Of whom Sierra
 R. is the, Appellant.
 In the interest of three minors under the age of 18.
 
 
 

Appeal from Aiken County
 The Honorable Vicki J. Snelgrove, Family
Court Judge

Unpublished Opinion No. 2012-UP-051
 Submitted January 2, 2012  Filed January
25, 2012    

AFFIRMED

 
 
 
 Clarke W. McCants, III, of Aiken, for
 Appellant.
 Dennis M. Gmerek, of Aiken, for
 Respondent.
 Patrick A. McWilliams, of Aiken, for
 Guardian ad Litem.
 
 
 

PER CURIAM: Sierra
 R. (Mother) appeals the family court's termination of her parental rights (TPR)
 to her three minor children (Children), arguing the family court erred in
 terminating her parental rights when the Department of Social Services (DSS)
 failed to prove by clear and convincing evidence that it was not reasonably
 likely the home could be made safe within twelve months.  We affirm.[1]
The family court may order
 TPR upon finding one or more of eleven statutory grounds is satisfied and also
 finding TPR is in the best interest of the child.[2] 
 S.C. Code Ann. § 63-7-2570 (2010).  Section 63-7-2570(1) of the South Carolina
 Code (Supp. 2010) provides for termination of parental rights when: "The
 child or another child while residing in the parent's domicile has been harmed
 . . . and because of the severity or repetition of the abuse or neglect, it is
 not reasonably likely that the home can be made safe within twelve
 months."  Furthermore, "[i]n determining the likelihood that the home
 can be made safe, the parent's previous abuse or neglect of the child . . . may
 be considered."  S.C. Code Ann. § 63-7-2570(1).  A child is harmed when a
 parent "fails to supply the child with adequate . . . shelter . . . and
 the failure to do so has caused or presents a substantial risk of causing
 physical or mental injury."  S.C. Code Ann. § 63-7-20(4)(c) (2010).  
On appeal from the family
 court, this court reviews factual and legal issues de novo.  Simmons v.
 Simmons, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); see also Lewis
 v. Lewis, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although
 this court reviews the family court's findings de novo, we are not required to
 ignore the fact that the family court, who saw and heard the witnesses, was in
 a better position to evaluate their credibility and assign comparative weight
 to their testimony.  Lewis, 392 S.C. at 385, 709 S.E.2d at
 652.  The burden is upon the appellant to convince this court that the
 family court erred in its findings.  Id.
We affirm the family court's
 finding that the Children were harmed because Mother failed to provide an
 adequate, safe, and sanitary home.  Significant evidence was presented that the
 home was found in a deplorable condition multiple times over the course of
 almost five years.  The record reveals authorities observed dirty clothes and
 trash strewn around the home, piles of dirty diapers, rotten food, and
 roaches.  Furthermore, testimony was presented that batteries, cords, and other
 safety hazards were on the floor and posed a potential danger to the Children. 
 In regards to whether it is reasonably likely that the home could be made safe
 within twelve months, it is particularly telling that Mother received extensive
 services from DSS, admitted to being able to keep a clean home, yet still
 repeatedly failed to keep the home in a safe and sanitary condition.  Mother's
 extended involvement with DSS over the same issue demonstrates a pattern of
 neglect that indicates the home is not reasonably likely to be made safe within
 twelve months.  
AFFIRMED.
SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Mother did not appeal the family court's finding that
 TPR was in Children's best interests.