**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Ebonie McDaniel and Christie Robinson, Plaintiffs, of whom Ebonie McDaniel is the Appellant,

v.

South Carolina Department of Social Services, Respondent.

Appellate Case No. 2010-173206

---

Appeal From Richland County
Dana A. Morris, Family Court Judge

---

Unpublished Opinion No. 2013-UP-033
Heard December 10, 2012 – Filed January 16, 2013

---

**REVERSED**

---

Jerry Leo Finney, of The Finney Law Firm, Inc., of Columbia, for Appellant.

Taron Brown Davis, of the South Carolina Department of Social Services, of Columbia, for Respondent.

---

**PER CURIAM:** Ebonie McDaniel appeals the family court order affirming the South Carolina Department of Social Services' (the Department) (1) determination that she physically neglected the victim, and (2) decision to place her name on the

South Carolina Central Registry of Child Abuse and Neglect (the Registry). We reverse.

"The family court is a court of equity." *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). In appeals from the family court, the appellate court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). "De novo review permits appellate court fact-finding, notwithstanding the presence of evidence supporting the [family] court's findings." *Lewis*, 392 S.C. at 390, 709 S.E.2d at 654-55. However, this broad standard of review does not require the appellate court to disregard the factual findings of the family court or ignore the fact that the family court is in the better position to assess the credibility of the witnesses. *Pinckney v. Warren*, 344 S.C. 382, 387, 544 S.E.2d 620, 623 (2001). Moreover, the appellant is not relieved of the burden of demonstrating error in the family court's findings of fact. *Id.* at 387-88, 544 S.E.2d at 623. Accordingly, we will affirm the decision of the family court in an equity case unless its decision is controlled by some error of law or the appellant satisfies the burden of showing the preponderance of the evidence actually supports contrary factual findings by this court. *See Lewis*, 392 S.C. at 390, 709 S.E.2d at 654-55.

We find the record does not support by a preponderance of the evidence that McDaniel physically neglected the victim. The Department determined McDaniel neglected the victim because she was injured while under McDaniel's care at the Sunshine House day care facility (the facility). The Department, as well as forensic pediatrician Dr. Olga Rosa, noted McDaniel was unable to explain how the victim sustained burns to the bottoms of her feet. However, after a thorough investigation of the facility, the Department was unable to determine the cause of the victim's burns. We also note the family court order lacks reasoning as to why it affirmed the Department's neglect determination as to McDaniel and not as to Christie Robinson, the other caregiver assigned to the victim's classroom. We find McDaniel should not be sanctioned for any failure to notify the victim's parents of her injury or provide the victim with medical attention, as these actions were performed by Robinson.

Accordingly, we reverse the family court's affirmation of the Department's determination that McDaniel physically neglected the victim and its decision to

enter McDaniel's name in the Registry.[1]  We order the Department to immediately remove McDaniel's name in the Registry.

**REVERSED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] McDaniel also argues the family court erred in failing to find the Department's procedures were unlawful and violated her due process rights.  Because an appellate court need not address remaining issues when disposition of a prior issue is dispositive, an analysis of this issue is unnecessary.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999).