**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Liling Sun, Respondent,

v.

Joseph Sun, Appellant.

Appellate Case No. 2010-162926

Appeal From Beaufort County
Robert S. Armstrong, Family Court Judge

Unpublished Opinion No. 2014-UP-336
Submitted May 1, 2014 – Filed September 24, 2014

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

Joseph Sun, of Bluffton, pro se.

Liling Sun, of Beaufort, pro se.

**PER CURIAM:** The family court held Joseph Sun in criminal contempt and civil contempt for violating two separate orders prohibiting him from going onto the premises of the marital home, and it sentenced him consecutively to six months' imprisonment for each conviction. Joseph appeals, arguing the family court: (1) denied him due process by not granting his request for a continuance; (2) erred in

holding him in both criminal contempt and civil contempt and imposing consecutive sentences; (3) erred in rejecting his defense of double jeopardy; and (4) erred in admitting his confession over his objection. We affirm the criminal contempt conviction, reverse the civil contempt conviction, and remand to the family court.[1]

## I. Continuance

The issue of whether the family court denied Joseph due process by not granting his request for a continuance is not preserved. *See Doe v. Roe*, 369 S.C. 351, 375-76, 631 S.E.2d 317, 330 (Ct. App. 2006) (stating an issue must be both raised to and ruled upon by the family court in order to be preserved for appellate review); *id.* at 376, 631 S.E.2d at 330 ("An issue is not preserved where the [family] court does not explicitly rule on an argument and the appellant does not make a Rule 59(e)[,SCRCP,] motion to alter or amend the judgment."); *State v. Langford*, 400 S.C. 421, 432, 735 S.E.2d 471, 477 (2012) ("Constitutional questions must be preserved like any other issue on appeal."); *Bakala v. Bakala*, 352 S.C. 612, 625, 576 S.E.2d 156, 163 (2003) ("A due process claim raised for the first time on appeal is not preserved.").

## II. Contempt

The family court found Joseph in both civil and criminal contempt. First, the family court found Joseph in criminal contempt for violating a June 2009 order that prohibited him from "harassing, interfering[,] or bothering [Liling Sun] at . . . [her] place of residence[,]" and an August 2009 order "restraining [him] from going to [the marital home] unless requested by the sequestrator." The family court found beyond a reasonable doubt that Joseph violated the June 2009 order when police found Joseph hiding in a garage in Liling's residence on March 10, 2010, and it sentenced him to six months' imprisonment for the criminal contempt. We affirm this conviction and sentence because it is supported by the record. *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) (recognizing the standard of review in an appeal from the family court is de novo); *Burgess v. Burgess*, 407 S.C. 98, 103, 753 S.E.2d 566, 569 (Ct. App. 2014) ("An appellate court will affirm the decision of the family court unless the decision is controlled by an error of law

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

or the appellant satisfies the burden of showing the preponderance of the evidence actually supports contrary factual findings by the appellate court.").

Second, the family court held Joseph in civil contempt for actions that arose from Joseph's presence at the marital home between March 16 and 17, 2010. The family court previously issued an order (March 12, 2010 order) that provided it would sentence Joseph to six months' imprisonment "if he entered the [marital] home for any reason in the future." The family court found Joseph violated the March 12, 2010 order because he entered the marital home between March 16 and 17, 2010, and wrote, "You Die," in Chinese on a note pinned to a mattress in the home. Thereafter, the family court held Joseph in civil contempt and sentenced him to six months' imprisonment, consecutive to his criminal contempt sentence.

The family court incorrectly classified this contempt charge as civil, when it actually was criminal contempt. *See Ex parte Jackson*, 381 S.C. 253, 258, 672 S.E.2d 585, 587 (Ct. App. 2009) ("The determination of whether contempt is civil or criminal hinges on the underlying purpose of the contempt ruling."). In *Jackson*, this court concluded the defendant's contempt was criminal because she received a definite term of ninety days' imprisonment and had no opportunity to purge herself of the sanctions if she complied with the court order. *Id.* at 259, 672 S.E.2d at 587-88. Here, the second contempt imposed was criminal because the purpose of the sanctions was to punish Joseph for violating the March 12, 2010 order. Namely, the family court punished Joseph because he violated the order prohibiting him from entering the marital home. Moreover, the punishment imposed—six months' imprisonment—was unconditional because Joseph did not have an opportunity to purge himself of the sanctions. *See id.* at 258-59, 672 S.E.2d at 587 ("Punishment for civil contempt is remedial in that sanctions are conditioned on compliance with the court's order, whereas an unconditional penalty is considered criminal contempt because it is solely and exclusively punitive in nature."). Because the punishment was for a definite term, Joseph's offense was criminal contempt, and the family court erred in classifying this contempt as civil.

## III. Double Jeopardy

Joseph next argues his second contempt charge violates the Double Jeopardy Clause of the United States and South Carolina Constitutions because he was previously held in contempt for the same conduct by the magistrate's court. *See State v. Brandt*, 393 S.C. 526, 538, 713 S.E.2d 591, 597 (2011) ("The Double

Jeopardy Clauses of the United States and South Carolina Constitutions operate to protect citizens from being twice placed in jeopardy of life or liberty for the same offense."). The family court determined the second contempt charge did not violate double jeopardy because the second contempt was civil. In light of our finding that the second contempt charge was criminal, we remand this issue to the family court to determine whether the second contempt charge is barred by the Double Jeopardy Clause.

## IV. Confession

We find evidence supports the family court's determination that Joseph voluntarily confessed. *See State v. Saltz*, 346 S.C. 114, 136, 551 S.E.2d 240, 252 (2001) ("When reviewing a trial court's ruling concerning voluntariness, [an appellate c]ourt does not reevaluate the facts based on its own view of the preponderance of the evidence, but simply determines whether the trial court's ruling is supported by any evidence."); *id.* ("The trial court's factual conclusions as to the voluntariness of a statement will not be disturbed on appeal unless so manifestly erroneous as to show an abuse of discretion."); *State v. Myers*, 359 S.C. 40, 47, 596 S.E.2d 488, 492 (2004) ("A confession is not admissible unless it was voluntarily made."); *Saltz*, 346 S.C. at 135-36, 551 S.E.2d at 252 ("A statement obtained as a result of custodial interrogation is inadmissible unless the suspect was advised of and voluntarily waived his rights under [*Miranda v. Arizona*, 384 U.S. 436 (1966)]."); *State v. Von Dohlen*, 322 S.C. 234, 243, 471 S.E.2d 689, 694-95 (1996) ("A determination of whether a confession was given voluntarily requires an examination of the totality of the circumstances."); *Saltz*, 346 S.C. at 136, 551 S.E.2d at 252 ("The trial [court]'s determination of the voluntariness of a statement must be made on the basis of the totality of the circumstances, including the background, experience, and conduct of the accused."); *Von Dohlen*, 322 S.C. at 243, 471 S.E.2d at 695 ("The question is whether the defendant's will was overborne when he confessed."); *Saltz*, 346 S.C. at 136, 551 S.E.2d at 252 ("A statement induced by a promise of leniency is involuntary only if so connected with the inducement as to be a consequence of the promise.").

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**