**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Stephanie Nicole Aiken, Luis Maldonando-Gallo, Victor Gomez, John Doe, and Richard Doe, Defendants,

Of whom Stephanie Nicole Aiken is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2015-001197

Appeal From Pickens County
W. Marsh Robertson, Family Court Judge

Unpublished Opinion No. 2016-UP-134
Submitted February 19, 2016 – Filed March 17, 2016

**AFFIRMED**

Melinda Inman Butler, of The Butler Law Firm, of Union, for Appellant.

Samantha Elizabeth Morrow, of the South Carolina Department of Social Services, of Pickens, for Respondent.

Steven Luther Alexander, of Alexander Law Firm, LLC, of Pickens, for Guardian ad Litem.

**PER CURIAM:**  Stephanie Nicole Aiken (Mother) appeals the family court's order terminating her parental rights (TPR) to her minor children.  On appeal, Mother argues the family court erred in (1) finding her parental rights should be terminated for her failure to remedy the conditions that caused the removal, (2) finding TPR was in the children's best interests, and (3) granting TPR on a ground that was not pled against her in the complaint.  We affirm.[1]

"Because terminating the legal relationship between natural parents and a child is one of the most difficult issues an appellate court has to decide, great caution must be exercised in reviewing termination proceedings and termination is proper only when the evidence clearly and convincingly mandates such a result." *S.C. Dep't of Soc. Servs. v. Roe*, 371 S.C. 450, 455, 639 S.E.2d 165, 168 (Ct. App. 2006).  On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family court's findings de novo, this court is not required to "ignore the fact that the [family court], who saw and heard the witnesses, was in a better position . . . to evaluate their credibility" and assign comparative weight to their testimony. *Inabinet v. Inabinet*, 236 S.C. 52, 55-56, 113 S.E.2d 66, 67 (1960).  The burden is upon the appellant to convince this court that the family court erred in its findings. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 652.

The family court may order TPR when it finds one or more statutory grounds for TPR exist and termination is in the best interest of the child.  S.C. Code Ann. § 63-7-2570 (Supp. 2015).

First, we find clear and convincing evidence shows the TPR ground of failure to remedy the condition causing removal was met here.

A statutory ground for TPR is met when "[t]he child has been removed from the parent . . . and has been out of the home for a period of six months following the adoption of a placement plan by court order or by agreement between [the Department of Social Services (DSS)] and the parent has not remedied the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

conditions which caused the removal."  S.C. Code Ann. § 63-7-2570(2) (Supp. 2015).  The children were removed after the family court found probable cause existed they were abused or neglected based upon allegations of drug use and domestic violence against Mother.  Mother's placement plan required she refrain from engaging in "co-dependent, abusive relationships" and practicing the skills learned in her Women's Empowerment Program.  The family court's written order found clear and convincing evidence shows Mother failed to remedy the issues raised in the placement plan within six months of the children's removal because of her "propensity to engage in domestic violence relationships."  We agree.

In May 2013, one of the minor children disclosed she witnessed domestic violence during one of the unsupervised visits.  Mother's return to a violent relationship indicates she has not remedied a condition that caused the removal.  Furthermore, Mother admitted she knew it was "very important" that she complete individual and group counseling in order to secure the return of her children.  Because Mother failed to complete her individual treatment and returned to a violent relationship after her children were removed, we hold clear and convincing evidence supports the statutory ground that Mother failed to remedy a condition causing removal within six months of the children's removal.  *See* S.C. Code Ann. § 63-7-2570(2) (stating a statutory ground for TPR is met when "[t]he child has been removed from the parent . . . and has been out of the home for a period of six months following the adoption of a placement plan by court order or by agreement between [DSS] and the parent and the parent has not remedied the conditions which caused the removal").[2]

Second, we find TPR is in the children's best interests.  In a TPR action, the best interests of the children are the paramount consideration.  *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000).  "The interests of the child shall prevail if the child's interest and the parental rights conflict."  S.C. Code Ann. § 63-7-2620 (2010).

---

[2] Because we find clear and convincing evidence to support one statutory ground for TPR, we decline to address Mother's argument regarding the family court's decision to allow DSS to amend their complaint to include an additional statutory ground for TPR that was not originally pled against her.  *See* S.C. Code Ann. § 63-7-2570 (stating a court may order TPR when one or more statutory grounds for TPR exist and termination is in the best interest of the child); *S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (stating when clear and convincing evidence exists to affirm TPR on one ground, the appellate courts may decline to address any remaining TPR grounds on appeal).

Dr. Kent Jones, a pediatrician, testified the minor children have suffered emotionally and physically from being in limbo for thirty-nine months. Dr. Jones testified the children don't know what their future holds, and in his opinion, that uncertainty contributes to their distractibility and inattention.

Furthermore, Mother has failed to provide the children with safe housing because she did not complete domestic violence treatment, and it does not appear Mother will be able to provide a safe home for the children in the foreseeable future. The minor children have observed instances of domestic violence and are concerned for their own safety, as well as the safety of Mother.

The children are suffering because of uncertainty about their future, and Mother cannot provide a safe home for them to be returned; therefore, we find the family court properly found TPR was in the children's best interest.

**AFFIRMED.**

**SHORT, THOMAS, and MCDONALD, JJ., concur.**