**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

S.B., L.B., and O.G., Defendants,

Of whom S.B. is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2015-002008

———————

Appeal From Orangeburg County
Michelle M. Hurley, Family Court Judge

———————

Unpublished Opinion No. 2017-UP-091
Submitted January 19, 2017 – Filed February 17, 2017

———————

**AFFIRMED**

———————

Blakely Copeland Cahoon, of Cahoon Law Firm, LLC,
of Columbia, for Appellant.

Kent Clinton Kirkland, of Kirkland and Kirkland, LLC,
of Barnwell, for Respondent.

James B. Jackson, Jr., of Nester & Jackson, PA, of Orangeburg, for the Guardian ad Litem.

---

**PER CURIAM:**  S.B. (Mother) appeals a family court removal order.  On appeal, Mother argues the family court erred in failing to (1) return custody of her three children to her and (2) order the Department of Social Services (DSS) to provide her with a treatment plan.  We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.  The burden is upon the appellant to convince this court the family court erred in its findings.  *Id*.

We find Mother's oldest child's (Child 1's) testimony that Mother punched her in the head with a closed fist constitutes a preponderance of evidence showing Mother harmed Child 1 and placed her younger children at a substantial risk of abuse.  *See* S.C. Code Ann. § 63-7-1660(E) (2010) (providing the family court shall not remove a child from the home unless the court finds a preponderance of evidence shows "the child is an abused or neglected child as defined in [s]ection 63-7-20 [of the South Carolina Code (2010)] and that retention of the child in or return of the child to the home would place the child at unreasonable risk of harm affecting the child's life, physical health or safety, or mental well-being and the child cannot reasonably be protected from this harm without being removed"); S.C. Code Ann. § 63-7-20(6)(a) (Supp. 2016) ("'Child abuse or neglect' or 'harm' occurs when the parent . . . (a) inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child, including injuries sustained as a result of excessive corporal punishment, but excluding corporal punishment or physical discipline which: (i) is administered by a parent or person in loco parentis; (ii) is perpetrated for the sole purpose of restraining or correcting the child; (iii) is reasonable in manner and moderate in degree; (iv) has not brought about permanent or lasting damage to the child; and (v) is not reckless or grossly negligent behavior by the parents.").  During the removal hearing, Mother admitted

she hit Child 1 in the face and leg. To the extent Mother claims she was disciplining Child 1, we find punching a child in the face or kicking her in an injured knee is not behavior that "is reasonable in manner and moderate in degree." *See* § 63-7-20(6)(a)(iii) (excluding discipline that is *inter alia* "reasonable in manner and moderate in degree" from the definition of harm).

Further, a preponderance of evidence shows the children could not be safely returned to Mother's home at the time of the removal hearing. Mother had completed a treatment plan in a prior removal case that included twenty-two weeks of parenting classes; six weeks after the children were placed back in her home, they were removed again. Francisca Chambers, a licensed professional counselor that provided counseling for the family, testified Mother blamed the children for "normal children behavior"; Chambers did not believe further treatment would be beneficial. She also testified the children were afraid to return to Mother's home. Mother's own testimony at the removal hearing did not indicate the situation would be different if the children were returned to her home. Although Mother claimed she would not hit Child 1 again, Mother did not believe the incident that led to the removal was her fault. We find the foregoing constitutes a preponderance of evidence showing Mother harmed the children and they would be at a risk of harm if they were returned to her home.

Finally, evidence supports the family court's decision to forego reasonable efforts at reunification based on Mother's diagnosable condition of schizotypal personality disorder. *See* S.C. Code Ann. § 63-7-1640(C)(7) (Supp. 2016) (providing the family court may authorize DSS to forego reasonable efforts at reunification when it determines "the parent has a diagnosable condition unlikely to change within a reasonable time . . . and the condition makes the parent unable or unlikely to provide minimally acceptable care of the child"). Dr. Valerie Holmstrom, a licensed clinical psychologist, evaluated Mother and diagnosed her with schizotypal personality disorder. Dr. Holmstrom stated the disorder "tend[ed] to be fairly refractory to treatment"; she did not know what type of psychiatric treatment Mother would respond to. Dr. Holmstrom also questioned Mother's ability to relate and interact appropriately with the children; she did not believe Mother would benefit from parenting classes because Mother did not perceive any problems with her parenting or communication. Likewise, Chambers did not believe Mother and the children would benefit from additional family counseling; when asked about it, Chambers replied, "I'm not sure how that would change things. We tried that in the past and I really thought [Mother] was going to try to incorporate certain things that we discussed . . . . But that didn't happen . . . ."

Finally, the guardian ad litem did not believe continued counseling between Mother and the children would be beneficial because Mother continued to blame the children for all of the problems.  The foregoing evidence supports a finding that Mother had a diagnosable condition unlikely to change that made her unable or unlikely to provide minimally acceptable care of the children.  Further, because the undisputed testimony showed the children were afraid of Mother, we find the family court's decision to allow DSS to forego reasonable efforts at reunification was in the children's best interest.

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.