**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Payton Carlynn Deal and Kendall Scott Deal,
Defendants,

Of whom Payton Carlynn Deal is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2016-001026

_____

Appeal From Spartanburg County
Kelly Pope-Black, Family Court Judge

_____

Unpublished Opinion No. 2017-UP-432
Submitted October 25, 2017 – Filed November 16, 2017

_____

**AFFIRMED**

_____

Melinda Inman Butler, of The Butler Law Firm, of
Union, for Appellant.

Deborah Murdock Gentry, of Murdock Law Firm, LLC,
of Mauldin, and Robert C. Rhoden, III, of the South

Carolina Department of Social Services, of Spartanburg, for Respondent.

Jamia Diann Foster, of Law Office of Jamia D. Foster LLC, of Spartanburg, for the Guardian ad Litem.

---

**PER CURIAM:** Payton Carlynn Deal (Mother) appeals the family court's order terminating her parental rights to her minor child (Child).[1] On appeal, Mother argues the family court erred in finding clear and convincing evidence supported termination of parental rights (TPR) on the statutory grounds of willful failure to support, willful failure to visit, failure to remedy, and severe or repetitious harm. Additionally, Mother argues TPR was not in Child's best interest. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414-15, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52. The burden is upon the appellant to convince this court the family court erred in its findings. *Id.* at 385, 709 S.E.2d at 652.

The family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and TPR is in the best interest of the child. S.C. Code Ann. § 63-7-2570 (Supp. 2017). The grounds for TPR must be proved by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

First, we find clear and convincing evidence showed Child was harmed, and due to the severity or repetition of the harm, Mother's home was not likely to be made safe within twelve months. *See* S.C. Code Ann. § 63-7-2570(1) (Supp. 2017) (providing a statutory ground for TPR is met when "[t]he child or another child while residing in the parent's domicile has been harmed as defined in [s]ection 63-7-20[(6) of the South Carolina Code (Supp. 2017)], and because of the severity or repetition of the abuse or neglect, it is not reasonably likely that the home can be

---

[1] The family court also found clear and convincing evidence supported TPR of Kendall Scott Deal (Father); however, he has not appealed.

made safe within twelve months."); § 63-7-20(6)(a) (providing harm occurs when the parent "inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child . . . ."). Child was initially removed from Father in Spring 2014 after Child tested positive for methamphetamine, cocaine, benzoylecgonine, and THC. The Department of Social Services enacted a safety plan placing Child in Mother's care and Mother agreed not to leave Child unsupervised with Father. Subsequently, Child was removed from Mother after Mother left Child unsupervised with Father and Child tested positive for drugs again. Thus, we find Child was harmed. Further, due to the severity or repetition of the harm, it was unlikely Mother's home could be made safe within twelve months. First, Mother did not take the well-being of Child seriously the first time Child was harmed. Despite the DSS safety plan, Mother left Child unsupervised in Father's care while she turned herself in to police for the charges of armed robbery and use of a weapon during the commission of a violent crime; Mother was detained at the Spartanburg County Detention Center. Law enforcement removed Child on September 22, 2014, and on September 23, 2014, Child tested positive for methamphetamines and marijuana. Second, Child was in foster care over fifteen and a half months, and during that time Mother failed to complete any part of her court-ordered placement plan; the placement plan required Mother to complete parenting classes, attend substance abuse counseling, and attend domestic abuse counseling. Moreover, Mother admitted to using marijuana during the three-month period she was out of the detention center; she tested positive for marijuana on March 13, 2015. Because of Child's repeated exposure to drugs and because Mother did not address the underlying issues causing Child's removal, we find clear and convincing evidence shows it was unlikely Mother's home would be made safe within twelve months.

Second, we find clear and convincing evidence showed Mother willfully failed to support Child. *See* S.C. Code Ann. § 63-7-2570(4) (Supp. 2017) (providing a statutory ground for TPR is met when a child has lived outside the home of the parent for six months and the parent has willfully failed to support the child). To the extent Mother argues her failure to support was not willful because she was not ordered to provide support, our case law does not require DSS to notify a parent of their duty to support their child before the failure to support may serve as a ground for TPR. *See Parker*, 336 S.C. at 258, 519 S.E.2d at 356 (stating a parent need not be notified of his duty to support the child before failure to discharge the duty may serve as a ground for TPR). Here, Child entered foster care on September 22, 2014—fifteen and a half months before the TPR hearing. Mother admitted she had not paid any child support because she was not ordered to pay but acknowledged

she was told she "could pay it voluntarily." Mother also admitted her stepdad gave her approximately $300 per week while she was not in the detention center, and we find she could have used some of that money to support Child. Although DSS did not controvert Mother's testimony that she brought clothes, toys, and Kentucky Fried Chicken for Child when she visited him during the three months she was out of the detention center, the prior family court orders found Mother did not visit Child very often during that time. Thus, we find Mother did not provide material support when she was not in the detention center. Additionally, even though Mother was unable to work while detained and did not have any savings from which she could draw money, she admitted her stepdad gave her $60 per week while she was in the detention center. Thus, Mother had funds while in the detention center that she could have used to support Child but she chose not to. Accordingly, we find clear and convincing evidence shows Mother willfully failed to support Child.

Third, we find clear and convincing evidence supports TPR based on Mother's failure to remedy the condition that caused Child's removal. *See* S.C. Code Ann. § 63-7-2570(2) (Supp. 2017) (providing a statutory ground for TPR is met when a child has been removed from the parent and has been out of the home for six months following the adoption of a placement plan, and the parent has not remedied the conditions that caused the removal). Although Child was not removed from Mother's care until September 2014, prior to that time DSS had an open treatment case and a treatment plan that required Mother to attend parenting classes; however, Mother only attended one class in July 2014. Once Child was removed and placed in foster care, the family court ordered a placement plan that required Mother to (1) attend parenting classes to address her lack of parenting skills and failure to protect Child from exposure to drugs, (2) attend substance abuse counseling and submit to drug screens at DSS's request, (3) secure and maintain appropriate housing for at least three months, (4) obtain sufficient income to provide for Child's basic needs through employment or other available funds and to apply for any public benefits if necessary, and (5) attend counseling until released by the therapist to address being a victim of domestic violence. Although Mother was detained for much of the case and did not have access to many of the programs required as part of her placement plan, she was not detained from December 5, 2014, through March 22, 2015—over three and a half months—and during that time Mother attended only a few parenting classes. During that time Mother also tested positive for marijuana. Additionally, Mother had no excuse for her failure to attend the programs while she was out of the detention center; Erin Alley, a DSS caseworker, testified DSS made all of the appropriate referrals and offered to pay the required fees to allow Mother to complete her placement plan.

*See McCutcheon v. Charleston Cty. Dep't of Soc. Servs.*, 302 S.C. 338, 343, 396 S.E.2d 115, 118 (Ct. App. 1990) ("First, DSS must identify the condition that led to the removal of the child. Second, DSS must identify appropriate rehabilitative services, and third, DSS must make a meaningful offer of those services. DSS is not, however, responsible for insuring successful outcomes."). Moreover, even though Mother had less of an opportunity to complete the programs because she was in the detention center, the TPR ground of failure to remedy does not require a finding of willfulness. *See* S.C. Code Ann. § 63-7-2570(2) (Supp. 2017) (stating a statutory ground for TPR is met when "[t]he child has been removed from the parent . . . and has been out of the home for a period of six months following the adoption of a placement plan by court order or by agreement between [DSS] and the parent and the parent has not remedied the conditions which caused the removal"). Thus, we find clear and convincing evidence shows Mother failed to remedy the conditions that caused Child's removal.[2]

Finally, we find TPR is in Child's best interest. *See S.C. Dep't of Soc. Servs. v. Roe*, 371 S.C. 450, 454, 639 S.E.2d 165, 168 (Ct. App. 2006) ("In a [TPR] action, the best interest of the child is the paramount consideration."). Although it is concerning that DSS did not give much consideration to Jacob Pressley's efforts to obtain custody of Child, viewed from Child's perspective, we find TPR is in Child's best interest. During the more than fifteen months Child was outside of Mother's home, Mother was unable to complete any of the recommended drug treatment programs, parenting classes, or domestic violence victim counseling. Although Mother was in the detention center for the majority of the case, even when she was out of the detention center she made very little effort towards regaining custody of Child. According to the prior family court orders, Mother visited Child very few times while she was out of the detention center and although she attended some parenting classes, she was arrested for new charges before she could complete the classes. Additionally, Mother tested positive for marijuana during this time. Moreover, Alley recommended TPR and adoption; Alley testified Child was "healthy," "doing well," and "thriving" in foster care. Because it is unclear when, if ever, Mother will be a suitable, stable parent to Child, we find TPR is in Child's best interest. *See S.C. Dep't of Soc. Servs. v. Janice C.*, 383 S.C.

---

[2] Because we find clear and convincing evidence supports willful failure to support, failure to remedy, and severe or repetitious harm, we decline to address the TPR ground of willful failure to visit. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address additional grounds for TPR when clear and convincing evidence justified TPR on another ground).

221, 230, 678 S.E.2d 463, 468 (Ct. App. 2009) ("A primary objective of the TPR statutes is to free children for the stability adoption can provide.").

**AFFIRMED.**[3]

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.