**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Matthew and Terra Coyle, Respondents,

v.

Wilmer Garcia, Appellant.

In the Interest of a Minor Under the Age of Eighteen.

Appellate Case No. 2016-000695

———————————

Appeal From Cherokee County
Kelly Pope-Black, Family Court Judge

———————————

Unpublished Opinion No. 2018-UP-051
Submitted November 9, 2017 – Filed January 29, 2018

———————————

**REVERSED IN PART AND REMANDED**

———————————

Megan Marie Early-Soppa, of Smith Moore Leatherwood, LLP, of Greenville; Darren S. Haley, of The Haley Law Firm, LLC, of Greenville; and Willie James Peters, III, of Greenville, all for Appellant.

James Fletcher Thompson, of James Fletcher Thompson, LLC, of Spartanburg, for Respondents.

Joseph L.V. Johnson, of Saint-Amand Thompson & Mathis, LLC, of Gaffney, as Guardian ad Litem.

**PER CURIAM:** Wilmer Garcia appeals a family court order finding his consent to his minor daughter's (Child's) adoption was not necessary and alternatively terminating his parental rights to Child. On appeal, Garcia argues the family court erred in finding (1) his consent was not necessary for Child's adoption by Matthew and Terra Coyle, (2) the Coyles proved a statutory ground for termination of parental rights (TPR) by clear and convincing evidence, and (3) TPR was in Child's best interest. We reverse in part and remand.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

## I. TPR

We find the Coyles did not prove a statutory ground for TPR by clear and convincing evidence. First, we find the Coyles did not prove by clear and convincing evidence that Garcia abandoned Child. *See* S.C. Code Ann. § 63-7-2570(7) (Supp. 2017) (providing a statutory ground for TPR is met when "[t]he child has been abandoned as defined in Section 63-7-20" of the South Carolina Code (Supp. 2017)); § 63-7-20(1) ("'Abandonment of a child' means a parent or guardian willfully deserts a child or willfully surrenders physical possession of a child without making adequate arrangements for the child's needs or the continuing care of the child."). The evidence does not show Garcia willfully deserted or surrendered physical possession of Child. Rather, Child was removed from the home of Ashley Mitchell, Child's mother, after Child was physically abused. The Department of Social Services (DSS) initially determined it could not place Child with Garcia due to concerns about a domestic violence incident involving Mitchell and Garcia. Prior to the merits hearing in the DSS removal action, the Coyles filed this private action for custody and obtained custody of Child. Nothing in the record suggests Garcia willfully deserted Child or willfully surrendered physical possession of her without making adequate arrangements for her needs. *See id.* Further, Garcia visited Child and regularly paid child support for more than three years prior to this hearing. Although Garcia missed several visits, we find his job schedule interfered with his ability to visit Child. Overall,

we find the Coyles did not present clear and convincing evidence showing Garcia abandoned Child.

Further, we find clear and convincing evidence did not show Garcia failed to remedy the conditions causing Child's removal. *See* § 63-7-2570(2) (providing a statutory ground TPR is met when a "child has been removed from the parent pursuant to . . . [s]ection 63-7-1660 [of the South Carolina Code (2010 & Supp. 2017)] and has been out of the home for a period of six months following the adoption of a placement plan by court order or by agreement between [DSS] and the parent has not remedied the conditions which caused the removal"). This action began when Child was removed from Mitchell's home due to physical abuse, and the evidence showed Garcia was not living in Mitchell's home when the removal occurred. The removal order determined Garcia placed Mitchell's twin sons—not Child—at a substantial risk of physical abuse based on a domestic violence incident between Garcia and Mitchell, and the only condition DSS identified in the placement plan that Garcia had to remedy was anger management. Although we acknowledge Garcia did not complete anger management, we find the Coyles did not present clear and convincing evidence that Garcia had an ongoing anger management problem. Other than the vague testimony about one incident between Garcia and Mitchell, nothing in the record shows Garcia had an ongoing anger management problem that prevented him from providing a suitable home for Child. In fact, at the time of the TPR hearing, Garcia had two other children living in his home, and there is no indication his home was not suitable for those children.[1] Thus, we find the Coyles did not present clear and convincing evidence to prove this statutory ground. Because the Coyles did not prove a statutory ground for TPR, we reverse the family court's termination of Garcia's parental rights.[2]

---

[1] We do not intend this statement—or anything else in this opinion—to be construed as an indication that we believe Child should be placed in Garcia's custody.

[2] Because our finding that the Coyles did not prove a statutory ground for TPR is dispositive to the issue of whether the family court properly terminated Garcia's parental rights, we decline to consider whether TPR is in Child's best interest. *See* § 63-7-2570 (providing the family court may order TPR upon finding a statutory ground for TPR is proven and TPR is in the child's best interest); *Futch v. McAllister Towing*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing an appellate court need not address an issue when its determination of a prior issue is dispositive).

## II. CONSENT

Garcia asserts his consent to Child's adoption was required because he maintained substantial and continuous or repeated contact with Child by openly living with her for a period of six months within the year preceding Child's placement.[3] *See* S.C. Code Ann. § 63-9-310(A)(4) (2010) (providing an unwed father's consent to the adoption of a child "placed with the prospective adoptive parents more than six months after the child's birth" is required "only if the father has maintained substantial and continuous or repeated contact with the child"); *id.* ("A father of a child born when the father was not married to the child's mother, who openly lived with the child for a period of six months within the one-year period immediately preceding the placement of the child for adoption, and who during the six-months period openly held himself out to be the father of the child[,] is considered to have maintained substantial and continuous or repeated contact with the child for the purpose of this . . . subsection . . . ."). We find the family court should have considered this portion of the statute when determining whether Garcia maintained substantial and continuous or repeated contact with Child. During the hearing, Garcia testified he lived with Mitchell but moved out of her home before Child's removal, and he saw Child three days before she was removed. Likewise, Dena Burgess, the DSS caseworker, stated Garcia "was involved with her day-to-day life in those days leading up to" the removal. Based on the evidence, it appears Garcia lived with Mitchell and Child until three days before the removal hearing. Because the evidence shows Garcia may have lived with Child "for a period of six months within the one-year period immediately preceding the placement of the child for adoption, and . . . during the six-months period openly held himself out to be the father of the child," his consent may have been statutorily required. Without determining whether the record before us establishes Garcia did not maintain substantial and repeated contacts with Child, we remand this issue to the family court to take additional testimony. On remand, the family court shall determine when Mitchell and Garcia began living together, how long they lived together after Child's birth, and whether Garcia's consent to the adoption was thus required under section 63-9-310(A)(4). We urge the family court to conduct this hearing expeditiously.

---

[3] Although the Coyles assert this argument is not preserved, the issue of whether Garcia's consent was required under section 63-9-310(A)(4) was the precise issue before the family court. Because the family court considered and ruled on whether Garcia's consent was required under this subsection, we find this issue is adequately preserved for appeal.

**REVERSED IN PART AND REMANDED.**

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**