709 S.E.2d 666

**Essie SIMMONS, Appellant,**

v.

**Rubin SIMMONS, Respondent.**

**No. 26970.**

Supreme Court of South Carolina.

Heard Feb. 2, 2011.

Decided May 9, 2011.

Paul E. Tinkler and Joshua P. Stokes, both of Charleston, for appellant.

Eduardo Kelvin Curry, of North Charleston, for respondent.

Justice KITTREDGE.

We are presented with a 1990 family court-approved settlement agreement that has been determined to be void in part. This appeal presents the question of whether the family court may revisit, in whole or in part, the now partially voided agreement. The family court ruled in 2008 that it lacked subject matter jurisdiction to reconsider the 1990 court-approved agreement. We reverse and remand for reconsideration of the court-approved agreement.

## I.

Appellant Essie Simmons (Essie) and Rubin Simmons (Rubin) divorced in 1990. They entered into a settlement agreement, which was approved by the family court. A central part of the parties' agreement required Rubin to give Essie one-third of his Social Security benefits if he began receiving them at age 62 or one-half of those benefits if he began receiving them at age 65. The Social Security benefits were to "be construed only as a property settlement, and shall not in any way be considered or construed as alimony."[1]

---

1. The agreement further provided that "[t]he parties acknowledge that the agreement set forth ... represents a compromise...." Both parties stipulated that the agreement was "fair and reasonable, both to himself or herself as well as the other party," that "the subject agreement [was]

Rubin attained the age of 62 in 1994 and 65 in 1997, but he failed to pay Essie any portion of his Social Security benefits. In December of 2003, Essie filed a petition for a rule to show cause, seeking to compel compliance with the agreement. Rubin responded by filing a Rule 60(b)(4), SCRCP,[2] motion, asserting that the family court lacked subject matter jurisdiction to order division of his Social Security benefits. The family court dismissed Rubin's subject matter jurisdiction challenge, and Rubin appealed. The court of appeals reversed. *Simmons v. Simmons,* 370 S.C. 109, 634 S.E.2d 1 (Ct.App.2006). The court found that the Social Security Act, specifically 42 U.S.C. § 407(a) (2010), preempted and expressly precluded the parties' agreement to divide Rubin's Social Security benefits. As a result, the court voided that portion the agreement.

At the time of the 1990 agreement, both parties believed Social Security benefits could be equitably divided as property. Essentially, the parties proceeded under a mutual mistake regarding the ability to equitably apportion Social Security benefits.

Because the parties' agreement had been voided in part, Essie sought to reopen the matter in its entirety, including equitable division and alimony. The family court granted Rubin's motion to dismiss, holding that it lacked subject matter jurisdiction to revisit the parties' agreement, even that part declared void by the court of appeals. Essie sought reconsideration, relying in part on Rule 60(b)(5), SCRCP, which provides for relief from judgment when "the judgment has been ... discharged ... or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Essie's motion to reconsider was denied, and this appeal followed.

## II.

In appeals from the family court, this Court reviews factual and legal issues de novo. *Rutherford v. Rutherford,*

---

an equitable resolution to all of the issues before them," and that "the agreement [was] fair and equitable under all of the circumstances."

**2.** "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void."

307 S.C. 199, 414 S.E.2d 157 (1992) (noting the authority to review factual findings and legal conclusions without deference to the family court); *Inabinet v. Inabinet*, 236 S.C. 52, 55, 113 S.E.2d 66, 67 (1960) ("Our duty in equity cases [is] to review challenged findings of fact as well as matters of law. . . .").

## III.

■ The court of appeals' interpretation of section 407(a)—Congress precluded Social Security benefits from being assigned as part of an equitable division of marital property—is the law of the case. We find, however, that the family court committed an error of law by determining that it did not have subject matter jurisdiction. It appears the family court's primary focus of concern was the passage of time, not its lack of authority to equitably apportion a marital estate upon dissolution. *See* S.C.Code Ann. § 63–3–530 (2010) (stating the family court has jurisdiction over "divorce . . . and for settlement of all legal and equitable rights of the parties in the actions in and to the real and personal property of the marriage. . . .").

Under these circumstances, we hold the family court has jurisdiction to reconsider a voided agreement, at least to the extent of the part declared void. The question becomes whether the family court on remand should be confined to a fresh look at the matter of equitable division of the marital estate, or whether all issues, including alimony, should likewise be considered. Because it is readily apparent that the parties' desire to equitably divide Rubin's Social Security benefits was a significant feature of the overall agreement, we expand the scope of the remand to include Essie's alimony claim.

The agreement represented a "compromise." The parties agreed that Essie would receive $5,000 lump sum alimony, $20,000 in immediate property distribution, and ultimately one-third to one-half of Rubin's Social Security benefits. In exchange, Essie gave up her rights in the marital home, Rubin's pension from the International Longshoreman's Association, and an alimony arrearage. As is customary in divorce settlements, it would be difficult to fairly view the various aspects of this agreement in isolation. In other words, the

parties' intended agreement concerning alimony is inextricably connected to the agreed upon division of marital property, and vice versa. In this context, and in view of Rule 60(b)(5), SCRCP, basic principles of equity suggest that all issues should be revisited by the family court.

We recognize the practical difficulties confronting the family court on remand in attempting to fashion an equitable result more than twenty years after the divorce. But that challenge pales in comparison to Rubin's suggestion that we simply end this matter with the remnant of the agreement remaining valid. We direct the family court to consider the issues raised in Essie's complaint. To the extent the agreement has been executed, proper credits must be given to Essie and Rubin, respectively.

REVERSED AND REMANDED.

TOAL, C.J., PLEICONES, BEATTY and HEARN, JJ., concur.