**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services, Respondent,

v.

Terry G., Ricky G. (deceased), and Barbara B., Defendants,

Of Whom Terry G. is the Appellant,

In the interest of minor children under the age of 18,

and

Teddy and Dana G., Respondents,

v.

Terry G. and the South Carolina Department of Social Services, Defendants,

Of Whom Terry G. is the Appellant,

In the interest of a minor child.

Appellate Case No. 2011-204206

———————————

Appeal From Greenville County
W. Marsh Robertson, Family Court Judge

———————————

Unpublished Opinion No. 2012-UP-469
Submitted July 2, 2012 – Filed July 27, 2012

---

**AFFIRMED**

---

Jonathan A. Neal, of Greenville, for Appellant.

Vanessa H. Kormylo, of Greenville, for Respondents
Teddy and Dana G.

Deborah Murdock, Murdock Law Firm, of Mauldin, for
Respondent SCDSS.

---

**PER CURIAM:** Terry G. (Mother) appeals the family court's termination of her
parental rights to her minor child (Child). The family court found clear and
convincing evidence supported termination of Mother's parental rights on the
grounds that Mother failed to remedy the conditions that caused removal and
Mother failed to support Child. Mother argues the family court erred in finding
clear and convincing evidence of these two grounds for termination of parental
rights (TPR) and in finding TPR was in Child's best interest. We affirm.[1]

The family court may order TPR upon finding one or more of eleven statutory
grounds is satisfied and also finding TPR is in the best interest of the child. S.C.
Code Ann. § 63-7-2570 (2010). The grounds for TPR must be proved by clear and
convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519
S.E.2d 351, 354 (Ct. App. 1999). On appeal from the family court, this court
reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414,
709 S.E.2d 666, 667 (2011). Although this court reviews the family court's
findings de novo, we are not required to ignore the fact that the trial court, who
saw and heard the witnesses, was in a better position to evaluate their credibility
and assign comparative weight to their testimony. *Lewis v. Lewis*, 392 S.C. 381,
385, 709 S.E.2d 650, 651-52 (2011). "[T]he best interests of the children are the
paramount consideration." *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133,

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

538 S.E.2d 285, 287 (Ct. App. 2000). "The interests of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620 (2010).

We find clear and convincing evidence supports the family court's order as to the statutory grounds for terminating Mother's parental rights. First, Mother failed to remedy the conditions that led to removal. *See* S.C. Code Ann. § 63-7-2570(2) (2010) (stating a statutory ground for TPR is met when the child has been out of the home for a period of six months and the parent has not remedied the conditions that caused the removal). Although Mother made progress in her treatment plan, she failed to complete mental health counseling in a timely manner. Based on the findings of her psychological evaluation, mental health counseling was an important and necessary component of her treatment plan. Although Mother had nearly three years to comply, she failed to do so. Additionally, we hold clear and convincing evidence shows mother willfully failed to support Child. *See* S.C. Code Ann. § 63-7-2570(4) (2010) (stating a statutory ground for TPR is met when the child has been out of the home for a period of six months and the parent has willfully failed to support the child). The record shows the only child support paid by Mother, a payment of $100.00, occurred approximately two years prior to the TPR hearing. Mother had adequate means to pay some support toward Child because she received a $20,000.00 settlement two years before the TPR hearing and supplemental social security income for a year preceding the TPR hearing; however, she failed to do so. *See Charleston Cnty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 97, 627 S.E.2d 765, 771 (Ct. App. 2006) ("Willful conduct is conduct that evinces a settled purpose to forego parental duties . . . because it manifests a conscious indifference to the rights of the child to receive support and consortium from the parent." (internal quotation marks omitted)).

The record also supports the family court's finding that TPR is in Child's best interest. Specifically, Child is in a pre-adoptive home, and the record indicates she is thriving in the home.

Based on the foregoing, we affirm the family court's order terminating Mother's parental rights.

**AFFIRMED.**

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**