**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Jodi H., Roshell B., and Anthony B., Defendants,

Of whom Roshell B. is the Appellant.

In the interest of minors under the age 18.

Appellate Case No. 2011-203687

---

Appeal From Orangeburg County
Anne Gue Jones, Family Court Judge

---

Unpublished Opinion No. 2012-UP-650
Submitted December 3, 2012 – Filed December 5, 2012

---

**AFFIRMED**

---

Ladson H. Beach, Jr., of Beach Law Office, LLC, of
Orangeburg, and John D. Elliott, of Law Offices of J.
Elliott, of Columbia, both for Appellant.

Patrick L. Wright, of the South Carolina Department of
Social Services, of Orangeburg, for Respondent.

D'Anne Haydel, of Orangeburg, and R. Bentz Kirby, of Glen Walters & Associates, PA, Orangeburg, Guardians ad Litem.

_____

**PER CURIAM:**  Roshell B. (Father) appeals the family court order terminating his parental rights to his minor children (Children).   Father argues the family court erred in finding (1) the Department of Social Services (DSS) provided services to him; (2) clear and convincing evidence supported grounds for termination of parental rights (TPR); and (3) TPR was in the best interest of Children.  We affirm.

The family court may order TPR upon finding one or more of eleven statutory grounds is satisfied and also finding that TPR is in the best interest of the child. S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2011).  The grounds for TPR must be proven by clear and convincing evidence*.  S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).  On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the trial court, who saw and heard the witnesses, was in a better position to evaluate their credibility.  *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 652 (2011).  "[T]he best interests of the children are the paramount consideration."  *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000).  "The interests of the child shall prevail if the child's interest and the parental rights conflict."  S.C. Code Ann. § 63-7-2620 (2010).

We find clear and convincing evidence shows Father failed to remedy the conditions which caused the removal of Children.  Father argues DSS failed to provide meaningful services to remedy the conditions that led to Children's removal because DSS operated under an existing treatment plan.  DSS has three responsibilities with providing services, including (1) identifying the condition that led to DSS removing the child; (2) identifying appropriate rehabilitative services; and (3) making a meaningful offer of those services.  *See McCutcheon v. Charleston Co. Dep't of Soc. Servs.*, 302 S.C. 338, 343, 396 S.E.2d 115, 118 (1990).  DSS is not "responsible for insuring successful outcomes."  *Id.* (finding if the treatment plan requires parents "to both acquire and retain housing and employment, this implicates stability and responsibility, and DSS is limited in its ability to provide those characteristics").  The condition that threatened Children with harm was Father's inability to provide Children with a suitable home.  Father

admits the treatment plan required him to acquire stable employment and housing to support Children. Moreover, DSS sent Father on several interviews and provided counseling to Father. However, Father has not "develop[ed] the responsibility and stability required to comply with the treatment plan." *Id.*

We find clear and convincing evidence shows Father neglected Children and "it is not reasonably likely that the home can be made safe within twelve months." S.C. Code Ann. §63-7-2570(1) (2010). Section 63-7-20(4)(c) of the South Carolina Code of Laws (2010) defines "child abuse or neglect" as failing "to supply the child with adequate food, clothing, shelter, or education . . . ." Father neglected Children by failing to provide an adequate home. Moreover, it is not likely Father will make the home safe within twelve months. Father's oldest child entered foster care in November 2007 because DSS believed the home was not safe. Children entered foster care two other times because Father could not provide Children with a home. Father only recently restored electricity to the home after living without electricity for almost a year. Anne Williamson, a DSS foster care supervisor, and guardian ad litem (GAL) D'Anne Haydel testified Father has a history of failing to provide a safe home for Children and they worried this pattern would continue into the future. Mother believes they could not provide for Children if DSS returned them to their care. Accordingly, we believe Father has neglected Children and it is not reasonably likely the home will be made safe in twelve months.

We find clear and convincing evidence proves Father willfully failed to support Children. *See* S.C. Code Ann. § 63-7-2570(4) (2010) (providing a statutory ground for TPR is met when "[t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has willfully failed to support the child"). Father argues he did not know he was expected to pay child support because DSS never ordered him to pay. However, DSS is not required to notify Father of his duty to support Children before "failure to discharge those duties may serve as grounds for termination of parental rights." *See S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 258, 519 S.E.2d 351, 356 (Ct. App. 1999). Father has not supported Children since they entered foster care other than buying small gifts, snacks, and some clothing, which are not material contributions. *See S.C. Dep't of Soc. Servs. v. M.R.C.L.*, 393 S.C. 387, 394, 712 S.E.2d 452, 456 (2011) (finding parent occasionally providing child with food, drinks, medicine, diapers, wipes, and toys does not merit a material contribution); S.C. Code Ann. § 63-7-2570(4) (2010) ("Failure to support means that the parent has failed to make a material contribution to the child's care. A material contribution consists of either financial contributions according to the parent's means or contributions of food, clothing, shelter, or other necessities for the care of

the child according to the parent's means.").  Accordingly, we find clear and convincing evidence shows Father willfully failed to support Children.

Because only one ground for TPR needs to be proven, we do not address the remaining ground.  *See* S.C. Code Ann. § 63-7-2570 (Supp. 2011) (providing the family court may order TPR upon finding one or more of eleven statutory grounds is satisfied).

Finally, the record supports the family court's finding TPR is in Children's best interests.  Children continued to languish in foster care while Father attempted to develop the stability and responsibility needed for Children to return home.  Father's oldest child has been in foster care on three separate occasions.  Father had custody of his youngest child for only several weeks before he was arrested and Mother voluntarily surrendered Children. The GALs believed TPR and adoption was in the best interests of Children.  Children have adoption placements and are thriving in their placements.  Thus, TPR and adoption are in the best interests of Children to provide stability and permanence to their lives.

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.