**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Renauda Brunson, John Doe, and Stanley Collins,
Defendants,

Of whom Renauda Brunson is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2015-002606

———————————

Appeal From Orangeburg County
Anne Gue Jones, Family Court Judge

———————————

Unpublished Opinion No. 2017-UP-008
Submitted December 22, 2016 – Filed January 4, 2017

———————————

**AFFIRMED**

———————————

Brie Rust Russell, of Columbia, for Appellant.

Crystal L. Chapman, of the South Carolina Department of Social Services, of Orangeburg, for Respondent.

Blakely Copeland Cahoon, Cahoon Law Firm, LLC, of Richland, as the Guardian ad Litem for Appellant.

Williette Waring Berry, of Orangeburg, for the Guardian ad Litem.

---

**PER CURIAM:**  Renauda Brunson (Mother) appeals the family court's order terminating her parental rights (TPR) to her minor child (Child).  On appeal, Mother argues (1) expert testimony is required in order to prove the statutory ground of diagnosable condition, (2) the Department of Social Services (DSS) did not prove by clear and convincing evidence Mother had a diagnosable condition that made her unlikely to provide minimally acceptable care for Child, (3) upholding TPR on the ground of fifteen of the most recent twenty-two months would be based merely on the passage of time, and (4) TPR was not in Child's best interest.  We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

We find clear and convincing evidence supports TPR based on a diagnosable condition that made Mother unlikely to provide minimally acceptable care to Child.  *See* S.C. Code Ann. § 63-7-2570(6) (Supp. 2016) ("The family court may order [TPR] upon a finding . . . [t]he parent has a diagnosable condition unlikely to change within a reasonable time including, but not limited to, . . . mental illness . . . and the condition makes the parent unlikely to provide minimally acceptable care of the child.").  Felicia Wagman, a mental health counselor at the Orangeburg Mental Health Center, testified Mother was diagnosed with paranoid type schizophrenia.  DSS presented testimony from multiple witnesses who believed Mother would need daily assistance to care for Child and there was no one in Mother's life who could provide that assistance.  Wagman, Margaret Davis, and Anne Williamson believed Mother was unlikely to provide minimally acceptable care to Child on her own even though Mother had consistently taken her medication for two years and had completed her treatment plan.  Wagman believed Mother would need someone "to provide some support for her through the day";

Davis stated Mother's mother and sister had mental health issues and it was unlikely either individual could help Mother. Williamson explained DSS had exhausted all possible relatives and friends searching for someone to move in and help Mother care for Child. Accordingly, this court finds clear and convincing evidence showed Mother had a diagnosable condition that made it unlikely she could provide minimally acceptable care to Child.

We also find clear and convincing evidence showed Child had been in foster care for fifteen of the most recent twenty-two months. *See* S.C. Code Ann. § 63-7-2570(8) (Supp. 2016) ("The family court may order [TPR] upon a finding . . . [t]he child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months."); *Charleston Cty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 101-02, 627 S.E.2d 765, 773 (Ct. App. 2006) ("[T]he purpose of the statutory ground allowing for termination if a child has been in foster care for fifteen of the last twenty-two months is to ensure children do not languish in foster care when termination of parental rights would be in their best interests."). Child was removed from Mother on December 2, 2013, and remained in foster care through the TPR hearing on November 12, 2015. Moreover, Mother did not argue to the family court that DSS caused the delay in Child's return to her custody.

Finally, we find TPR is in Child's best interest. "The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . ." S.C. Code Ann. § 63-7-2510 (2010). In a TPR case, the best interest of the child is the paramount consideration. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). "The interest[] of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620 (2010). Based on the testimony of Davis and Reverend Eva Summers, Child's Guardian ad Litem (GAL), Child does not have a bond with Mother despite monthly and bi-monthly visitation with Mother. The GAL stated "personally[,] I'm one that's against TPR but this is the first time I'm for that in order to see that [Child] ha[s] a prosperous, good life." Moreover, Child spent twenty-three months—her entire life—with her pre-adoptive foster parents. Because of the length of time Child has been out of home, Mother's mental illness and inability to provide care for Child on her own, and Child's lack of a bond with Mother, we find TPR is in Child's best interest.[1]

---

[1] We find Mother's issue regarding the necessity of an expert's testimony in order to find she had diagnosable condition unpreserved because it was not raised to the

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

family court. *See Jackson*, 368 S.C. at 104-05, 627 S.E.2d at 775 (finding father's claim that termination of parental rights violated his right to due process was not preserved for appellate review since this issue was not raised to or ruled upon by the family court); *Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 654 (2006) (declining to exercise discretion to avoid application of the procedural bar).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.