**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Tinisha Riley, Anthony Davis, Robert Beauford, and
Jamesetta Riley-Reid, Defendants,

Of whom Anthony Davis is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2016-001386

———————————

Appeal From Richland County
Gwendlyne Y. Jones, Family Court Judge

———————————

Unpublished Opinion No. 2017-UP-205
Submitted May 1, 2017 – Filed May 17, 2017

———————————

**AFFIRMED**

———————————

John Clark Phillips, Jr., of Law Office of John C.
Phillips, Jr., of Columbia, for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

Angela L. Kohel, of Richland County CASA, of Columbia, for the Guardian ad Litem.

**PER CURIAM:** Anthony Davis appeals an order for removal from the family court. Davis argues the family court erred in (1) finding he physically abused one of Tinisha Riley (Mother's) two children, (2) ordering his name to be entered on the South Carolina Central Registry of Abuse and Neglect (the Registry), and (3) barring Davis from having any contact with the children.[1] We affirm.[2]

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52. The burden is upon the appellant to convince this court the family court erred in its findings. *Id.* at 385, 709 S.E.2d at 652.

We find Mother's oldest child's (Child 2's) testimony that Davis gave Child 2 "rib shots" constitutes a preponderance of evidence showing Davis harmed Child 2. S.C. Code Ann. § 63-7-20(6)(a) (Supp. 2016) ("'Child abuse or neglect' or 'harm' occurs when the parent, guardian, or other person responsible for the child's welfare: (a) inflicts . . . upon the child physical . . . injury or engages in acts . . . which present a substantial risk of physical . . . injury to the child . . . ."). During the removal hearing, Child 2 testified Davis would give him "rib shots"— hits that were "kind of where my ribs are and my stomach is." Child 2 stated the rib shots "happen[ed] a lot" and they hurt and made him cry. We note the credibility findings of the family court, which found Child 2 to be credible and Davis to be not credible. *See Lewis*, 392 S.C. at 392, 709 S.E.2d at 655 ("[W]hile retaining the authority to make our own findings of fact, we recognize the superior position of the family court judge in making credibility determinations."). Based on the foregoing we find the family court did not err in finding a preponderance of the evidence showed Child 2 was abused, nor did it err in barring Davis from having contact with the children. Accordingly, because we find Child 2 was physically abused, we also find the family court did not err in ordering Davis's

---

[1] Davis is not the children's father; Davis was Mother's paramour.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

name placed on the Registry.  *See* S.C. Code Ann. 63-7-1940(A) (Supp. 2016) (stating the family court "shall order, without possibility of waiver by the department, that a person's name be entered in the Central Registry of Child Abuse and Neglect if the court finds that there is a preponderance of evidence that the person . . . physically abused the child").

**AFFIRMED.**

**GEATHERS, MCDONALD, and HILL, JJ., concur.**