**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Teoshi Etoya Manigault White and Jawaan Fredrick White, Defendants,

Of whom Jawaan Fredrick White is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2018-000888

Appeal From Charleston County
Daniel E. Martin, Jr., Family Court Judge

Unpublished Opinion No. 2019-UP-116
Submitted February 21, 2019 – Filed March 20, 2019

**AFFIRMED**

Melinda Inman Butler, of The Butler Law Firm, of Union, for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

Jessica Lynn Means, of Halls & Means, LLC, of Charleston, for the Guardian ad Litem.

---

**PER CURIAM:** Jawaan F. White (Father) appeals the family court's order terminating his parental rights to his minor daughter (Child), arguing clear and convincing evidence does not support terminating parental rights (TPR) based on (1) failure to support and (2) failure to visit. Father also argues the family court erred in finding TPR was in Child's best interest. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

"Because terminating the legal relationship between natural parents and a child is one of the most difficult issues an appellate court has to decide, great caution must be exercised in reviewing termination proceedings and termination is proper only when the evidence clearly and convincingly mandates such a result." *S.C. Dep't of Soc. Servs. v. Roe*, 371 S.C. 450, 454, 639 S.E.2d 165, 168 (Ct. App. 2006). The family court may order TPR upon finding a statutory ground for TPR is satisfied and TPR is in the child's best interest. S.C. Code Ann. § 63-7-2570 (Supp. 2018). The grounds for TPR must be proved by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999). TPR statutes "must be liberally construed in order to ensure prompt judicial procedures for freeing minor children from the custody and control of their parents by terminating the parent-child relationship." S.C. Code Ann. § 63-7-2620 (2010).

We find clear and convincing evidence showed Father willfully failed to support Child. *See* S.C. Code Ann. § 63-7-2570(4) (Supp. 2018) (providing a statutory ground for TPR exists when "[t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has wilfully failed to support the child"); *id.* ("Failure to support means that the parent has failed to make a material contribution to the child's care. A material contribution consists of either financial contributions according to the parent's means or contributions of food, clothing, shelter, or other necessities for the care of the child according to the parent's means. The court may consider all relevant circumstances in determining

whether or not the parent has wilfully failed to support the child, including requests for support by the custodian and the ability of the parent to provide support."); *Parker*, 336 S.C. at 256, 519 S.E.2d at 355 ("Whether a parent's failure to visit or support a child is 'willful' . . . is a question of intent to be determined from all the facts and circumstances in each case."). Viewing the support offered in its entirety, we find Father did not provide material support according to his means. Father testified he continuously held a job while Child was in foster care and had a gross income of between $400 and $560 per week. Father testified he gave a total of approximately $200 in cash to Child's foster mother during the two years Child was in foster care. He also testified he provided Child with baby toys, teddy bears, bibs, socks, a t-shirt, baby bottles, and a few pacifiers during some of the visits. Sabrina Oleen, a foster care supervisor at the South Carolina Department of Social Services (DSS), testified Father did not provide any money or other support for Child through DSS. We find the foregoing does not constitute material support.

Further, we find Father's failure to provide more support was willful. Although Father alleged he experienced significant difficulty receiving responses from DSS to his various inquiries, he testified was still able to provide some items and money to Child's foster mother during visitations. We believe Father's actions demonstrate that he knew of ways to get money and other support to Child, yet he failed to do so consistently and in accordance with his means. Additionally, we find Father's argument he was unable to provide support because he was not under a court order to pay child support and therefore did not have an account set up to make financial contributions is without merit. *See Parker*, 336 S.C. at 258, 519 S.E.2d at 356 ("[N]othing in [the TPR statute] requires a parent be 'notified' of his duty to support or visit [a child] before failure to discharge those duties may serve as grounds for [TPR]."). Thus, Father's failure to provide material support was willful. *See Parker*, 336 S.C. at 256, 519 S.E.2d at 355 ("Whether a parent's failure to visit or support a child is 'willful' . . . is a question of intent to be determined from all the facts and circumstances in each case.").[1]

Finally, we find TPR is in Child's best interest. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the [child is] the paramount consideration."); S.C. Code Ann.

---

[1] Because clear and convincing evidence supports this ground, we decline to address whether clear and convincing evidence showed Father willfully failed to visit. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a ground for TPR when clear and convincing evidence supported TPR on another ground).

§ 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). Oleen stated Father attended seven visits with Child since Child's placement in foster care and missed at least six visits. Additionally, Oleen and David Mann, Child's Gaudian ad litem (the GAL), testified they received reports of domestic violence incidents between Father and Child's mother and had ongoing concerns about the possibility of future domestic violence incidents. Father testified he completed a domestic violence treatment program and he had not had any physical altercations with Child's mother since completing the program; however, he did admit to at least one verbal altercation and acknowledged he and Child's mother had both obtained court issued protective orders against one another.

Further, Oleen and the GAL testified that although Child's overall condition had improved, Child still required some continuing therapy and needed assistance walking. Additionally, the GAL stated that due to the nature of Child's developmental issues, there was a possibility additional issues could present themselves as Child got older. Further, Oleen testified Father's home did not have suitable furniture or necessities to care for Child, given her needs.

Additionally, Child's current foster parents are interested in adopting her and thus it appears she will have a stable and permanent home if TPR is affirmed. Oleen and the GAL testified Child was thriving in her current foster home and Child and the foster family were bonded to one another. The GAL stated Child and her foster mother had a particularly close bond and recalled observing Child clinging to the foster mother on multiple occasions. Oleen and the GAL also stated the foster parents were able provide Child with all of her medical needs. Further, the GAL testified all of the key factors for Child's growth and development were in place at her current foster home. Therefore, we find TPR is in Child's best interest. *See* S.C. Code Ann. § 63-7-2510 (2010) ("The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . .").

**AFFIRMED.**[2]


**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.