**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Paula Rose and Bradley Chaz Reed, Respondents,

v.

Charles Homer Rose, III, Appellant.

Appellate Case No. 2017-000574

―――――――――――

Appeal From Greenville County
Gwendlyne Y. Jones, Family Court Judge

―――――――――――

Unpublished Opinion No. 2019-UP-179
Submitted March 1, 2019 – Filed May 22, 2019

―――――――――――

**AFFIRMED AS MODIFIED**

―――――――――――

Kim R. Varner and Charles Grant Varner, both of Varner & Segura; and J. Falkner Wilkes, all of Greenville, for Appellant.

N. Douglas Brannon, of Kennedy & Brannon, P.A., of Spartanburg, for Respondent.

―――――――――――

**PER CURIAM:** Charles Homer Rose, III (Husband) appeals an amended decree of divorce, arguing the family court erred by adding terms and conditions that were not part of the parties' agreement as announced in court. We affirm as modified.

On appeal "from the family court, this [c]ourt reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414-15, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).

After thoroughly reviewing the record, we conclude the parties did not agree Husband would pay Paula Rose (Wife) $5,000 in January and July. Rather, the parties agreed that beginning in January 2017, Husband would pay Wife $5,000 during the two months each year[1] that he received large disbursements from his family trust and Husband would pay Wife one-half of his dividend check the remaining ten months each year until Wife has received a total of $50,000. Accordingly, we modify the family court order so as to require Husband to pay Wife $5,000 in each of the two months he receives large dividend payments from his family trust.

**AFFIRMED AS MODIFIED.**[2]

**HUFF, THOMAS, and KONDUROS JJ., concur.**

---

[1] The record does not make clear which two months of the year Husband receives the $5,000 disbursements.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.