**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Robert and Teresa Tolson, Appellants,

v.

Michael Roberts and Heather Turner, Defendants,

Of whom Heather Turner is the Respondent.

Appellate Case No. 2018-000158

———————————

Appeal From Sumter County
Angela R. Taylor, Family Court Judge

———————————

Unpublished Opinion No. 2020-UP-341
Submitted December 1, 2020 – Filed December 23, 2020

———————————

**AFFIRMED**

———————————

John Stephen Keffer, of Young, Keffer & Donnald, PA, of Sumter, for Appellants.

Heather Turner, of Columbia, pro se.

Deborah Vanes Dawson, of Dalzell, as the Guardian ad Litem.

———————————

**PER CURIAM:**  Robert Tolson and Teresa Tolson (collectively, the Tolsons) appeal the family court's order denying termination of Heather Turner's (Mother's) parental rights to her two minor children (the children).  On appeal, the Tolsons argue clear and convincing evidence supported termination of parental rights (TPR) of Mother on the ground of willful failure to visit the children.  We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414-15, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.  The burden is upon the appellant to convince this court the family court erred in its findings.  *Id.* at 385, 709 S.E.2d at 652.

The family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and TPR is in the best interest of the child.  S.C. Code Ann. § 63-7-2570 (Supp. 2019).  The grounds for TPR must be proved by clear and convincing evidence.  *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

Having conducted a de novo review of the record, we affirm the family court's finding that the Tolsons failed to prove by clear and convincing evidence a statutory ground for TPR as to Mother.  *See S.C. Dep't. of Soc. Servs. v. Roe*, 371 S.C. 450, 455, 639 S.E.2d 165, 168 (Ct. App. 2006) ("Because terminating the legal relationship between natural parents and a child is one of the most difficult issues an appellate court has to decide, great caution must be exercised in reviewing [TPR] proceedings[,] and [TPR] is proper only when the evidence clearly and convincingly mandates such a result.").  The record does not contain clear and convincing evidence Mother willfully failed to visit the children.  *See* S.C. Code Ann. § 63-7-2570(3) (stating a statutory ground for TPR is met when "[t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has [willfully] failed to visit the child.").  Mother testified the Tolsons stopped visitation in June 2015 without an explanation.  According to Mother she asked for visitation, but the Tolsons refused, and she called the Tolsons "numerous times," but they would not return her calls or would hang up the phone.  Mother's boyfriend also testified to Mother's efforts to visit the children.  Although Mother did not provide proof of her attempts to contact the Tolsons, she maintained a relationship with her oldest child during the same period

of time she alleges she tried to visit the children. Mother and her boyfriend testified Mother had a good relationship with her oldest child. Although the Tolsons testified they did not prevent Mother from visiting the children, we find they failed to show by clear and convincing evidence that Mother willfully failed to visit the children. *See Lewis*, 392 S.C. at 385, 709 S.E.2d at 652 (stating the burden is upon the appellant to convince this court the family court erred in its finding); *id.* at 392, 709 S.E.2d at 655 ("[W]e recognize the superior position of the family court judge in making credibility determinations.").

Because no statutory ground supports TPR of Mother, we need not consider whether TPR would be in the children's best interests. *See Stinecipher v. Ballington*, 366 S.C. 92, 101 n.7, 620 S.E.2d 93, 98 n.7 (Ct. App. 2005) ("[A] family court need not reach best interest when no ground for termination exists."); *Loe v. Mother*, 382 S.C. 457, 471, 675 S.E.2d 807, 815 (Ct. App. 2009) ("Because no statutory ground supports termination of Mother's parental rights to Daughter or Son, we need not consider whether terminating Mother's rights would be in her children's best interests."). Thus, we affirm the family court's order.

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.