**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Berkley T. Feagin, Respondent,

v.

Cambria C. Feagin, Appellant.

Appellate Case No. 2020-001621

Appeal From Florence County
Jerry D. Vinson, Jr., Family Court Judge

Unpublished Opinion No. 2022-UP-180
Submitted April 14, 2022 – Filed April 27, 2022

**AFFIRMED**

Cambria C. Feagin, of Scranton, pro se.

Marian Dawn Nettles, of Nettles Turbeville & Reddeck, of Lake City; and Nicholas W. Lewis, of Barth, Ballenger & Lewis, LLP, of Florence, both for Respondent.

Brooke Chapman Evans, of Evans & Turnblad, LLC, of Florence, for the Guardian ad Litem.

**PER CURIAM:** Cambria C. Feagin appeals an interim order from the family court approving a mediated settlement agreement and a subsequent divorce decree. In her statement of issues on appeal, Cambria argues twenty issues. We affirm pursuant to Rule 220(b), SCACR.

To the extent Cambria seeks for this court to reconsider any issue other than the ground for divorce, we find the mediated settlement agreement addressed "all issues (other than the issue of divorce)"; thus, Cambria waived any right of appeal by consenting to the agreement and asking the family court to approve it. *See Calcutt v. Calcutt*, 282 S.C. 565, 572, 320 S.E.2d 55, 59 (Ct. App. 1984) ("It is well settled an appeal will not be entertained from an order by consent."); *id.* ("The right of appeal from such an order is regarded as waived."); *id.* ("This is especially true when, as here, there is nothing in the record controverting the fact that the parties consented . . . .").

Further, as to whether the family court erred by granting the parties a divorce on the ground of one years' continuous separation, we find the family court did not err because Berkley T. Feagin sought a divorce on this ground and Cambria has failed to establish she objected. *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) ("[A]n appellant is not relieved of his burden to demonstrate error in the family court's findings of fact. Consequently, the family court's factual findings will be affirmed unless 'appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court.'" (quoting *Finley v. Cartwright*, 55 S.C. 198, 202, 33 S.E. 359, 360-61 (1899))).

**AFFIRMED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.