**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Stephanie Schwan and Dillon Haughland, Defendants,

Of whom Stephanie Schwan is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2021-001088

———————————

Appeal From Anderson County
Karen F. Ballenger, Family Court Judge

———————————

Unpublished Opinion No. 2022-UP-385
Submitted October 12, 2022 – Filed October 18, 2022

———————————

**AFFIRMED**

———————————

Ward Benjamin McClain, Jr., of W. Benjamin McClain, Jr., LLC, of Greenville, for Appellant.

Andrew Troy Potter, of Anderson, for Respondent.

John Marshall Swails, Jr., of Greenville, for the Guardian ad Litem.

**PER CURIAM:**  Stephanie Schwan (Mother) appeals the family court's orders finding it had jurisdiction over the termination of parental rights (TPR) action against Mother and terminating her parental rights to her minor child (Child).  On appeal, Mother argues (1) the family court lacked subject matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA)[1] and (2) the family court erred in finding clear and convincing evidence supported the termination of Mother's parental rights.  We affirm.

In appeals from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011).

Initially, we hold the family court properly found it had jurisdiction to enter a final custody determination.  *See* § 63-15-336(A) ("A court of this [s]tate has temporary emergency jurisdiction if the child is present in this [s]tate and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse."); § 63-15-336(B) ("If a child custody proceeding has not been or is not commenced in a court of a state having jurisdiction under [s]ections 63-15-330 through 63-15-334, a child custody determination made under this section becomes a final determination, if it so provides and this [s]tate becomes the home state of the child.").

Moreover, we hold the family court did not err in terminating Mother's parental rights.  *See* S.C. Code Ann. § 63-7-2570 (Supp. 2022) (explaining the family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest); *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999) (stating the grounds must be proved by clear and convincing evidence).

First, clear and convincing evidence showed Mother failed to remedy the conditions that caused Child's removal.  *See* § 63-7-2570(2) (providing a statutory ground for TPR is met when "[t]he child has been removed from the parent . . . and has been out of the home for a period of six months following the adoption of a placement plan by court order . . . and the parent has not remedied the conditions which caused the removal").  In January 2019, Child entered foster care after law enforcement, responding to a domestic violence incident involving Mother, found

[1] S.C. Code Ann. §§ 63-15-300 to -394 (2010).

marijuana at the scene.  Mother also tested positive for marijuana.  In September 2019, the family court ordered Mother to complete a placement plan requiring her to, *inter alia*, complete a substance abuse assessment and follow all resulting recommendations.  Mother enrolled in various substance abuse treatment facilities during the pendency of this case and admitted to relapsing at least four times after she completed treatment, including only two months prior to the TPR hearing.  Accordingly, clear and convincing evidence showed Mother failed to remedy the conditions that caused Child's removal.

Second, clear and convincing evidence showed Child was in foster care for fifteen of the most recent twenty-two months.  *See* § 63-7-2570(8) (providing a statutory ground for TPR is met when "[t]he child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months").  At the time of the TPR hearing, Child had continuously been in foster care for over two years, and no evidence in the record suggests the Department of Social Services (DSS) caused this delay.  *See S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 336, 741 S.E.2d 739, 746 (2013) ("The family court must find . . . the delay in reunification of the family unit is attributable not to mistakes by the government, but to the parent's inability to provide an environment where the child will be nourished and protected.").  Thus, clear and convincing evidence proved this ground.

Finally, viewed from Child's perspective, TPR is in her best interest.  At the time of the TPR hearing, Child had been out of Mother's home for approximately twenty-nine months, and Mother failed to provide a safe, drug-free environment to which Child could return.  The guardian ad litem (GAL) reported Child was bonded to her foster parents, who wished to adopt her, and the DSS case worker observed that Child was thriving in her pre-adoptive foster placement and loved her foster siblings.  The GAL and the case worker both recommended TPR.  Accordingly, TPR is in Child's best interest.

**AFFIRMED.**[2]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.