**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Carmelita Sinclair, Stephen Bush, Lawrence Sampson,
Tony Cook, and John Doe, Defendants,

Of whom Carmelita Sinclair is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2022-000390

Appeal From Horry County
Ronald R. Norton, Family Court Judge

Unpublished Opinion No. 2023-UP-082
Submitted February 15, 2023 – Filed March 6, 2023

**AFFIRMED IN PART AND REVERSED IN PART**

Russell W. Hall, III, of The Law Office of Russell W.
Hall III, of Myrtle Beach; and Harry A. Hancock, of
Columbia, both for Appellant.

William Evan Reynolds, of Kingstree, for Respondent.

Michael Julius Schwartz, of Russell B. Long, PA, of Myrtle Beach, for the Guardian ad Litem.

---

**PER CURIAM:** Carmelita Sinclair (Mother) appeals a family court order terminating her parental rights to four of her six children (collectively, Children) and finding termination of parental rights (TPR) was not in the best interest of the two remaining children.[1] We affirm in part and reverse in part.

"In appeals from the family court, [an appellate c]ourt reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

We hold the family court properly found TPR was in the best interest of Child 1, Child 2, and Child 3.[2] *See* S.C. Code Ann. § 63-7-2570 (Supp. 2022) (providing the family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the best interest of the children); *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); *S.C. Dep't of Soc. Serv. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). Children were removed from Mother's care in October 2019 after Child 5 ran away from the home, called the police, and informed law enforcement that Mother's paramour, Stephen Bush—a registered sex offender and the father of Child 1, Child 2, and Child 3—had touched her inappropriately. Mother denied knowing Bush was a registered sex

---

[1] The family court also found clear and convincing evidence showed Children were harmed, and due to the severity and repetition of the harm, it was unlikely Mother's home could be made safe within twelve months; Mother failed to remedy the conditions that caused Children's removal; and Children had been in foster care for fifteen of the most recent twenty-two months. Mother does not appeal these grounds.

[2] Mother does not appeal the termination of her parental rights to Child 6, who was seventeen years old at the time of the TPR hearing and who testified he did not wish to be reunited with Mother.

offender but admitted she knew of Child 5's allegations and should have contacted law enforcement.[3] The family court found Mother's testimony was not credible. Moreover, Mother did not complete her court-ordered placement plan. The Department of Social Services (DSS) presented uncontroverted evidence Mother remained reticent to engage in further treatment services because she did not believe Child 5's allegations—despite a family court finding that Bush sexually abused Child 5—and the guardian ad litem (GAL) reported Mother wanted "proof" of the allegations. The case worker testified Children were thriving in foster care and were placed in pre-adoptive foster homes. The GAL agreed Children were doing well in their foster placements and reported Children expressed behavior problems after visitations, including crying, trouble concentrating, bathroom regression, and difficulty expressing feelings. She believed TPR was in Children's best interest. Thus, we affirm the family court's termination of Mother's parental rights to Child 1, Child 2, and Child 3.

However, we hold the family court erred in finding TPR was not in the best interest of Child 4 and Child 5. The same reasoning described above applies to these children; in its finding that TPR was not in their best interest, the family court cited only its decision not to terminate their father's parental rights. Additionally, the GAL reported Child 5 was concerned that Mother did not believe Bush sexually abused her and worried that if she returned to Mother's care, Mother would bring Bush back into their lives. The GAL also noted Child 4 was diagnosed with adjustment disorder, but she reported Child 4 and Child 5 each attended counseling and were doing well in their pre-adoptive foster homes. We find the family court's stated reason is not a sufficient rationale to override the clear and convincing evidence that TPR was in the best interest of Child 4 and Child 5. Accordingly, we reverse the family court's finding regarding Child 4 and Child 5.

**AFFIRMED IN PART AND REVERSED IN PART.[4]**

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[3] Bush voluntarily relinquished his parental rights to Child 1, Child 2, and Child 3.

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.