**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services, Respondent,

v.

Haley Vanderford and Anthony Rusk, Defendants,

Of whom Haley Vanderford is the Appellant.

In the interests of minor children under the age of eighteen.

Appellate Case No. 2023-001686

———————

Appeal From Anderson County
M. Scott McElhannon, Family Court Judge

———————

Unpublished Opinion No. 2024-UP-289
Submitted July 25, 2024 – Filed July 29, 2024

———————

**AFFIRMED**

———————

Melinda Inman Butler, of The Butler Law Firm, of Union, for Appellant.

Andrew Troy Potter, of Anderson, for Respondent.

Kimberly Welchel Pease, of Seneca, for the Guardian ad Litem.

_____

**PER CURIAM:** Haley Vanderford appeals the family court's final order terminating her parental rights to her minor children (Children). Mother argues the family court erred in finding (1) she failed to remedy the conditions that caused Children's removal, (2) she willfully failed to support Children, and (3) termination of parental rights (TPR) was in Children's best interests. We affirm.

"In appeals from the family court, this [c]ourt reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011).

The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the children's best interests. S.C. Code Ann. § 63-7-2570 (Supp. 2023). "A ground for termination of parental rights must be proved by clear and convincing evidence." *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

We hold clear and convincing evidence showed Mother failed to remedy the conditions that caused Children's removal. *See* § 63-7-2570(2) (providing a statutory ground for TPR is met when "[t]he child has been removed from the parent . . . and has been out of the home for a period of six months following the adoption of a placement plan by court order . . . and the parent has not remedied the conditions which caused the removal"). The Department of Social Services (DSS) caseworker testified Children were removed due to domestic violence, Mother's substance abuse, and her failure to protect Children. Mother admitted to using methamphetamine almost daily until March 25, 2023—which was nearly seven months after the family court ordered her to complete a placement plan. Furthermore, DSS presented uncontroverted testimony that Mother did not complete mental health treatment or a domestic violence program, and the DSS caseworker indicated continuing concerns with Mother's mental health. At the time of the TPR hearing, Mother had only sustained employment and housing for

one month.  Accordingly, we hold clear and convincing evidence showed Mother failed to remedy the conditions that caused Children's removal.[1]

Further, we hold TPR is in Children's best interests.  Mother failed to complete mental health treatment; she continued her relationship with Father, with whom she had incidents of domestic violence, and who admitted to still using methamphetamine; and she had a history of relapse.  We therefore believe the family court properly found she was unlikely to provide a safe, stable and drug-free home in the foreseeable future.  Children were placed together in a pre-adoptive home, the GAL testified Children had a good relationship with the foster family, and the DSS caseworker and GAL both recommended TPR.  Accordingly, we hold TPR to be in Children's best interests.

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[1] Because we hold clear and convincing evidence supports this statutory ground, we decline to address the remaining ground.  *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory ground for TPR after concluding clear and convincing evidence supported another statutory ground).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.