**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Brandi Lynn Hasley (aka Rowe) and William Jay Hasley,
Defendants,

and

Jason H. Brittain and Ashley G. Brittain, Intervenors,

Of whom Brandi Lynn Hasley is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2024-000828

Appeal From Aiken County
Vicki J. Snelgrove, Family Court Judge

Unpublished Opinion No. 2025-UP-268
Submitted July 24, 2025 – Filed July 24, 2025

**AFFIRMED**

Kindle Kay Johnson, of K. Johnson Law Firm, LLC, of
Rock Hill, for Appellant.

Becky M. Milholland, of South Carolina Department of Social Services, of Columbia, for Respondent.

Taylor Rollins Ott, of Brilhante and Ott, Attorneys at Law, LLC, of Aiken, for the Guardian Ad Litem.

---

**PER CURIAM:**  Brandi Lynn Hasley (Mother) appeals a family court order terminating her parental rights to three of her minor children (Children).  On appeal, Mother argues the family court erred in finding termination of parental rights (TPR) was in Children's best interests.  We affirm.

On appeal from the family court, "this [c]ourt reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011).  Although this court reviews the family court's findings de novo, it is not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 652 (2011).

We find TPR is in Children's best interests.  *See* S.C. Code Ann. § 63-7-2570 (Supp. 2024) (stating the family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest); *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate.").

First, throughout the over-two-year period that DSS was involved with Mother and Children, Mother was still testing positive for drugs and she had not shown she was able to provide a safe home for Children.  Although Mother stated she completed her alcohol and drug treatment and maintained she had never done drugs, she tested positive for drugs on at least four drug screens, including as recently as December 2023.  Mother testified to being around family members who used drugs in the past, including William Hasley (Father), who testified to daily methamphetamine use for five years until one month before the TPR hearing.  Mother posited her positive drug tests resulted from the passive contact with her family members who used drugs, but her therapist's testimony refuted that theory because the level of drugs was too high to be based on passive contact.  Regardless

of whether Mother was intentionally using drugs, she continued to be around those who used drugs and she continued to test positive during the pendency of the case. Second, Mother also testified that at the time she regained care of her children in June 2022, the family court made clear to her that Father could not be around the home. However, Father was arrested for a domestic violence incident against Mother just four days before the hearing. Although Mother testified to Father only brushing her stomach with his elbow, the family court did not find her testimony believable based on the contradictory testimony from law enforcement. *See Lewis*, 392 S.C. at 385, 709 S.E.2d at 652 (explaining that although this court reviews the family court's findings de novo, it is not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony). Thus, we find uncertainty as to whether Mother would provide a safe home for Children. Third, the Department of Social Services (DSS) caseworker testified to the home being dirty, unkept, not to DSS standards, and posing a safety risk. Mother also acknowledged the owner of the home she was currently living in, who also lived in the home, allowed other random adults to use the bathroom and kitchen as they pleased and contribute negatively to the upkeep of the home.

Finally, the guardian ad litem (GAL) asserted Children were showing improvement in their foster placements. The GAL report noted that when asked what their wishes were, Child 1 expressed a desire to be adopted by her aunt or placed with a sibling, and Child 2 and Child 3 each expressed a desire to stay with their current foster placements. *See* S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."); *Sarah W.*, 402 S.C. at 343, 741 S.E.2d at 749-50 ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). We acknowledge the DSS caseworker's testimony that Mother and Children shared a bond and that Children did not reside in pre-adoptive placements at the time of the TPR hearing; however, the caseworker testified DSS was searching for adoptive resources for Children, and he believed adoption was possible for Children. Additionally, the GAL and DSS caseworker recommended TPR. Thus, based on Mother's continued presence around Father, who had not completed his drug and alcohol treatment; residence in a home with multiple adults including strangers who used the home as they pleased and contributed negatively to the upkeep of the home; and Mother continuing to test positive for drugs as the case progressed, we hold the family court did not err in finding TPR was in Children's best interests. *See* S.C. Code Ann. § 63-7-2510 (2010) ("The purpose of [the TPR statute] is to establish procedures for the

reasonable and compassionate [TPR] where children are abused, neglected, or abandoned . . . and make them eligible for adoption . . . .").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.