**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services, Michelle and Sam S., and John and Jane Doe, Respondents,

v.

Kelly Nicholle D. and Dakota D., Defendants,

Of whom Kelly Nicholle D. is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2019-000325

———————

Appeal From Spartanburg County
James F. Fraley, Jr., Family Court Judge

———————

Unpublished Opinion No. 2020-UP-107
Submitted March 17, 2020 – Filed April 9, 2020

———————

**AFFIRMED**

———————

Andrew Richard Havran, of Greer, for Appellant.

Robert C. Rhoden, III, of South Carolina Department of Social Services, of Spartanburg, for Respondent South Carolina Department of Social Services.

James Fletcher Thompson, of James Fletcher Thompson, LLC, of Spartanburg, for Respondents Michelle and Sam S.

Vanessa Hartman Kormylo, of Vanessa Hartman Kormylo, P.A., of Greenville, for Respondents John and Jane Doe.

Wendy Nicole Griffith, of Talley Law Firm, P.A., of Spartanburg, for the Guardian ad Litem in the Department of Social Services action.

Kenneth Philip Shabel, of Kennedy & Brannon, P.A., of Spartanburg, as Guardian ad Litem in the private action.

---

**PER CURIAM:** Kelly Nicholle D. (Mother) appeals an order terminating her parental rights to Child 1, Child 2, and Child 3. On appeal, Mother argues the family court erred in (1) abdicating its judicial responsibility by having opposing counsel draft the final order; (2) finding clear and convincing evidence supported four statutory grounds for termination of parental rights (TPR), and (3) finding TPR was in the children's best interest. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

Initially, Mother's argument that the family court violated her due process rights by abdicating its judicial responsibility and having opposing counsel draft the final order is not preserved. Mother never objected to the procedure employed by the family court or filed a motion raising this issue with the family court; thus, it is not preserved. *See Broom v. Jennifer J.*, 403 S.C. 96, 111 n.8, 742 S.E.2d 382, 389 n.8 (2013) (finding an issue not presented to the family court was not preserved for review); *Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 654 (2006) (acknowledging appellate courts can overlook procedural rules when the rights of minors are concerned but declining to exercise its discretion to do so).

Further, clear and convincing evidence showed Mother failed to remedy the conditions causing removal. *See* S.C. Code Ann. § 63-7-2570 (Supp. 2019) (providing the family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest); *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999) (providing the grounds for TPR must be proved by clear and convincing evidence); § 63-7-2570(2) (providing a statutory ground for TPR is met when "[t]he child has been removed from the parent . . . and has been out of the home for a period of six months following the adoption of a placement plan by court order or by agreement between [DSS] and the parent[,] and the parent has not remedied the conditions which caused the removal"). We acknowledge Mother completed drug treatment, and no evidence showed she used drugs thereafter. Additionally, the children's guardian ad litem visited Mother's home the week before the TPR hearing and believed it was appropriate. Finally, Mother had a job earning $17.50 per hour where she had worked eight or nine months. Thus, she complied with several components of her placement plan.

However, the placement plan, which Mother agreed to at the August 11, 2016 merits removal hearing, also required Mother to maintain a drug-free home. Mother admitted Dakota D. (Father) remained in her home until April 2017. Father refused to take a drug screen when the children were removed, relapsed in December 2016 and March 2017, and did not complete drug treatment. Because Father remained in the home, Mother's home was not drug-free until April 2017—more than six months after she received the placement plan. Thus, under the plain language of this statue, clear and convincing evidence supports TPR on this ground.[1] *See* § 63-7-2570(2) (providing a statutory ground is met when "[t]he child has been removed from the parent . . . and has been out of the home *for a period of six months following the adoption of a placement plan* . . . and the parent has not remedied the conditions which caused the removal" (emphasis added)); S.C. Code Ann. § 63-7-2620 (2010) (providing TPR statutes "must be liberally construed in order to ensure prompt judicial procedures for freeing minor children

---

[1] Because clear and convincing evidence supports this statutory ground, we decline to address Mother's arguments pertaining to the remaining statutory grounds. *See S.C. Dep't of Soc. Servs. v. Robin Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory ground for TPR when clear and convincing evidence proved another ground).

from the custody and control of their parents by terminating the parent-child relationship").[2]

Additionally, Mother failed to fully understand and appreciate the medical needs of the children. This concern was raised at a family conference in June 2017 and addressed by the family court in the September 22, 2017 permanency planning order. Although Mother attended some of the children's doctor appointments thereafter, Dr. Jane Gwinn, a pediatric pulmonologist who treated the children, did not believe Mother understood the significance of their medical issues. Dr. Gwinn lacked confidence in Mother's ability to monitor and treat the children's medical issues and had concerns about their well-being with Mother. Due to the severity of some of these medical issues, we find Mother's failure to appreciate and understand their significance provides further support for this statutory ground.

Finally, viewed from the children's perspective, we find TPR is in their best interest. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); § 63-7-2620 ("The interests of the child shall prevail if the child's interest and the parental rights conflict."). Initially, we are concerned about testimony regarding Mother's ongoing relationship with Father. Although Mother claimed the relationship had ended, she admitted she visited Father in North Carolina and had intimate relations with him four times between July 2017 and January 2018. Mother admitted to visiting Father only after being confronted with the fact a private investigator caught her visiting him, and she also admitted she had previously lied when she said the relationship was over. Thus, her credibility concerning her relationship with Father is questionable. Mother also admitted she gave Father money after he moved out, including in April 2018. Finally, she acknowledged that during a prior North Carolina DSS action, she separated from Father and moved in with her mother, only to return to Father when

---

[2] Mother argues this ground should not apply in part because the merits removal order was not filed until November 30, 2016. However, Mother testified she received the placement plan and began working on it before it was court-ordered, and she had completed drug treatment by September 2016. According to the merits removal order, the parties agreed to the placement plan. Thus, we find Mother had the placement plan by the time of the August 11, 2016 hearing, and any delay by the family court in filing the merits removal order does not affect the application of this ground. *See* § 63-7-2570(2) (providing the placement plan may be adopted "by court order *or by agreement between [DSS] and the parent*" (emphasis added)).

that case closed.  Thus, although Mother accomplished much during this case, it does not appear she will keep the children from Father if they are returned to her care.  That concern, coupled with concerns about Mother's ability to monitor and treat the children's medical conditions, shows Mother cannot provide a safe and suitable home for the children.

Child 1 was removed from Mother's home a few months before turning four years old, Child 2 was removed before turning two years old, and Child 3 was removed at less than a year old.  At the time of the TPR hearing, the children had been in foster care for almost twenty-eight months, and they were bonded with their respective foster families, who wished to adopt them.  Because the children are in stable pre-adoptive homes and it is unclear whether Mother will keep them from Father, we find TPR is in their best interest.

**AFFIRMED.**[3]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.