**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Appellant/Respondent,

v.

Janella Johnson, Ceacer Gooding, III, and John Doe,
Defendants,

Of whom Janella Johnson is the Respondent/Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2021-001240

―――――――――――

Appeal From Greenville County
Tarita A. Dunbar, Family Court Judge

―――――――――――

Unpublished Opinion No. 2022-UP-386
Submitted October 12, 2022 – Filed October 18, 2022

―――――――――――

**AFFIRMED**

―――――――――――

Amanda Stiles, of the South Carolina Department of
Social Services, of Greenville, for Appellant/Respondent.

Kimberly Yancey Brooks, of Kimberly Y. Brooks,
Attorney at Law, of Greenville, for
Respondent/Appellant.

Don J. Stevenson, of Don J. Stevenson, Attorney at Law, of Greenville, for the Guardian ad Litem.

------------

**PER CURIAM:** The South Carolina Department of Social Services (SCDSS) and Janella Johnson (Mother) cross appeal a family court order terminating Mother's parental rights to her minor children (the children). SCDSS argues the family court properly found clear and convincing evidence supported three statutory grounds for termination of parental rights (TPR) but erred in failing to find clear and convincing evidence supported two additional statutory grounds for TPR. SCDSS also argues TPR was not in the children's best interests if Ceacer Gooding, III's (Father's) parental rights are not also terminated. Mother argues the family court erred in finding TPR was in the children's best interests when the court failed to terminate Father's parental rights. We affirm.

On appeal from the family court, an appellate court "reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Although this court reviews the family court's findings de novo, it is not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *See Lewis v. Lewis*, 392 S.C. 381, 385-86, 709 S.E.2d 650, 651-52 (2011).

The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interests. S.C. Code Ann. § 63-7-2570 (Supp. 2022). The grounds "must be proved by clear and convincing evidence." *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

The family court found clear and convincing evidence supported three statutory grounds for TPR. Because Mother appealed the family court's order as to only whether TPR was in the children's best interests, we hold the family court's findings on the statutory grounds are the law of the case. *See Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 653-54 (2006) (holding an "unappealed ruling is the law of the case and requires affirmance"). Therefore, we now turn to whether TPR is in the children's best interests.

We also find TPR is in the children's best interests. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); *S.C. Dep't of*

*Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). The children have been placed together with their foster family since their respective removals. Child 1 was placed with the foster family when he was almost two years old. Child 2 was placed with the same foster family five months later when she was only days old. At the time of the TPR hearing, the children had lived with the foster family for twenty-five and twenty-one months, respectively. Mother has been involved with SCDSS several times over the years and does not have custody of any of her children. Mother also has not completed drug treatment, even though her drug use has been a concern in at least one of her other cases involving SCDSS. Further, Mother tested positive for drugs one month before the TPR hearing. Moreover, the guardian ad litem testified the children had bonded with their foster family and it would be detrimental to remove them from the foster parents. Thus, we find TPR is in the children's best interests.

**AFFIRMED.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.