**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services,
Respondent,

v.

Crystal Diana Berry and Anthony Bishop, Defendants,

Of whom Anthony Bishop is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2021-001200

———————————

Appeal From Greenville County
Thomas T. Hodges, Family Court Judge

———————————

Unpublished Opinion No. 2022-UP-420
Submitted November 18, 2022 – Filed November 21, 2022

———————————

**AFFIRMED**

———————————

Kimberly Yancey Brooks, of Kimberly Y. Brooks,
Attorney at Law, of Greenville, for Appellant.

Rebecca Rush Wray, of South Carolina Department of
Social Services, of Greenville, for Respondent.

Megan Goodwin Burke, of Greenville, for the Guardian ad Litem.

_____

**PER CURIAM:** Anthony Bishop (Father) appeals a family court order terminating his parental rights to his minor child (Child). Father argues the family court erred in finding (1) he failed to remedy the conditions that caused Child's removal and (2) termination of parental rights (TPR) was in Child's best interest. We affirm.

On appeal from the family court, "this [c]ourt reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Although this court reviews the family court's findings de novo, it is not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *See Lewis v. Lewis*, 392 S.C. 381, 385-86, 709 S.E.2d 650, 651-52 (2011).

The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the children's best interests. S.C. Code Ann. § 63-7-2570 (Supp. 2022). The grounds "must be proved by clear and convincing evidence." *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

We find clear and convincing evidence showed a statutory ground for TPR was met when Father failed to remedy the conditions that caused Child's removal. *See* § 63-7-2570(2) (providing a statutory ground for TPR is met when "[t]he child has been removed from the parent . . . and has been out of the home for a period of six months following the adoption of a placement plan by court order . . . and the parent has not remedied the conditions which caused the removal"). The family court issued an ex parte order for Child's removal based primarily on concerns regarding Father's mental health condition and his unsuitable living conditions. In February 2020, the family court ordered Father to complete a placement plan requiring him to, *inter alia*, complete a mental health assessment and follow any resulting recommendations and maintain stable housing. Father acknowledged that although he submitted to a mental health assessment and subsequently attended counseling two to three times a week, he ceased treatment after six months, and his intake counselor testified Father was not successfully discharged from mental health services. The counselor also stated Father admitted at the intake session that he had not been taking his prescribed medications to address his mental health

diagnoses. Additionally, at the September 2021 TPR hearing, Father acknowledged he had moved two weeks before the hearing, and his housing was not appropriate for Child. Thus, we find the family court did not err in finding he failed to remedy the conditions that caused Child's removal.

Further, we find TPR is in Child's best interest. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). Child was removed from Father's care in December 2019 because of concerns about Father's mental health and his living conditions; as of the September 2021 TPR hearing, she had been out of Father's care for almost two years. During that time, uncontroverted testimony showed he had stopped taking his prescribed medications for his mental health diagnoses and had stopped attending counseling. Moreover, he admitted his current living situation was not appropriate for Child. Additionally, since December 2019, Child had been living with a foster parent who had adopted Child's older half-brother and also wished to adopt her. Although Father maintained he and Child were bonded, the DSS case worker testified the bond between Child, her half-brother, and her foster parent was "very strong." Thus, although we acknowledge Father made progress on his placement plan and maintained a bond with Child, his failure to fully address his mental health issues or obtain suitable housing, along with DSS's identification of a pre-adoptive placement for Child, lead us to conclude that TPR is in her best interest.

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.