**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joshua Edward Long and Adrian Feliciano Long,
Respondents,

v.

Jennifer Ann Boutelle, Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2023-000657

———————————

Appeal From Dorchester County
Randall E. McGee, Family Court Judge

———————————

Unpublished Opinion No. 2024-UP-425
Submitted December 12, 2024 – Filed December 30, 2024

———————————

**AFFIRMED**

———————————

Jennifer Lynn Mook, of Law Office of Jennifer Mook, LLC, of Aiken, for Appellant.

Paul William Bradley, of Bradley Law Firm, LLC, of Charleston, for Respondents.

Kathleen Elisabeth Hoover, of Moncks Corner, as the Guardian ad Litem.

———————————

**PER CURIAM:**  Jennifer Ann Boutelle (Mother) appeals the family court's termination of her parental rights to her minor child (Child) and grant of adoption by Adrian Long, Child's stepmother (Stepmother).  On appeal, Mother argues the family court erred in finding clear and convincing evidence showed she willfully failed to support and visit Child and termination of parental rights (TPR) was in Child's best interest.  We affirm pursuant to Rule 220(b), SCACR.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011).

We hold clear and convincing evidence shows Mother willfully failed to support Child.  *See* S.C. Code Ann. § 63-7-2570(4) (Supp. 2024) (stating a statutory ground for TPR is met when "[t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has wil[l]fully failed to support the child"); *id.* ("Failure to support means that the parent has failed to make a material contribution to the child's care.  A material contribution consists of either financial contributions according to the parent's means or contributions of food, clothing, shelter, or other necessities for the care of the child according to the parent's means.").  We acknowledge Mother testified she had purchased gifts for Child, and she had sent child support payments to Father that she asserted were cashed late, if they were cashed at all.  However, Father believed he had received only approximately $200 from Mother and last received a payment in March 2017.  Father also testified Mother was $7,075 in arrears, and even though she may not have explicitly agreed to the amount, Mother indicated she was in arrears.  Further, although there was a dispute regarding the accuracy of the address Father provided to Mother for sending child support payments, Mother testified she had never had an issue sending payments to the address he gave her and none of her payments had been returned to her.  Moreover, despite having a limited income, we hold Mother had the ability to pay child support because she indicated it was not difficult to support two of her other children on her limited income, and she was able to pay $100 per month in child support if the court did not terminate her rights along with an additional $25 towards the arrearages.  *See S.C. Dep't of Soc. Servs. v. Wilson*, 344 S.C. 332, 336, 543 S.E.2d 580, 582 (Ct. App. 2001) ("[T]he element of wil[l]fulness must be established by clear and

convincing evidence."); *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 256, 519 S.E.2d 351, 355 (Ct. App. 1999) ("A parent's conduct which evinces a settled purpose to forego parental duties may fairly be characterized as 'willful' because it manifests a conscious indifference to the rights of the child to receive support and consortium from the parent."). Accordingly, we hold clear and convincing evidence supports this ground.[1]

We also hold TPR and adoption is in Child's best interest. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."); S.C. Code Ann. § 63-7-2510 (2010) ("The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . ."). We acknowledge the record shows Father prevented Mother from exercising her video call visitation, despite her repeated attempts at exercising it, and Mother testified she attended therapy sessions, unsuccessfully requested her attorney to change the erroneous requirement for her to submit to an evaluation at the Medical University of South Carolina (MUSC), and completed an evaluation with another provider. However, Mother had not seen Child in person for several years at the time of the TPR hearing, and Mother and Child had some difficulties during video calls when they were permitted. Further, Mother had approximately four years to complete the court-ordered evaluation at MUSC and admittedly failed to do so. She also failed to seek to change the location requirement in the order and did not attempt to gain in-person visitation with Child or recourse for Father's prevention of video call visitation. Moreover, the record shows Child and Stepmother have a strong bond, Child refers to her as her mother, and Child and Stepmother desire a parent-child relationship. Formalizing Child and Stepmother's relationship will enhance Child's stability and permanency, which we hold is in Child's best interest. Finally, we hold that although there is evidence the guardian ad litem sought restraints against Mother in a previous action, there is no evidence she was biased against Mother in this

---

[1] Because clear and convincing evidence supports one statutory ground for TPR, we decline to address whether clear and convincing evidence supports the remaining statutory ground. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory ground for TPR after finding clear and convincing evidence supported another statutory ground).

action, as she did not seek restraints in this case, she spoke to Mother to ensure she was aware of this case, and Mother did not seek to have her removed.  Based on the foregoing, we hold TPR and adoption is in Child's best interest.

**AFFIRMED.**[2]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.